# CHARLESTON.

DARBY *et al v.* GILLIGAN *et al.*

| 43 | 755 |
|----|-----|
| 45 | 488 |

Submitted June 8, 1897—Decided November 13, 1897.

1.  REMAND FOR WANT OF PARTIES—*Bill in Equity.*
    When a chancery cause is remanded from this Court to the circuit court for the want of necessary and proper parties, and after the cause is again docketed in the circuit court such necessary and proper parties appear, and file answers to the plaintiff's bill, it is not necessary to send the case to rules for that purpose. (p. 759.)

2.  REFERENCE—*Accounting.*
    The circuit court may state an account in a chancery cause without an order of reference to a commissioner, if there is sufficient data and evidence in the cause to enable it to properly do so. (p. 760.)

Appeal from Circuit Court, Taylor County.

Bill by Darby & Co. and others against John J. Gilligan and others. From the decree the First National Bank of Grafton and others appeal.

*Modified.*

W. R. D. DENT and JOHN T. McGRAW, for appellants.

JOHN W. MASON, for appellees.

ENGLISH, PRESIDENT:

This was a suit in equity, brought in the Circuit Court of Taylor County by David Darby *et al.*, against John J. Gilligan *et al.*, to set aside a deed of trust executed by said Gilligan to John T. McGraw, trustee, to enjoin said trustee from disposing of the property mentioned in said trust, and to have the same properly applied. It appears from the records that the defendant Gilligan, on the 17th of September, 1883, formed a partnership with one James Burns for the purpose of carrying on the mercantile business in the house where said Gilligan was then merchandising; the said Gilligan putting in his stock of goods then on hand at two thousand dollars, and Burns paying into the concern in cash one thousand dollars, taking a one-third interest and Gilligan a two-thirds interest in the

concern. At the time the partnership was formed, said Gilligan was individually indebted to the First National Bank of Grafton and others in the sum of one thousand and one hundred dollars for money borrowed to use in his mercantile business before he formed said partnership. In carrying on the business the firm became indebted to the plaintiff's and others to insolvency, and on the 27th day of February, 1885, the partnership was dissolved, said Gilligan executing to said Burns his note for one thousand dollars, and Gilligan assuming all of the then existing indebtedness of the concern. On the 24th of April, 1885, said Gilligan executed to John T. McGraw a deed of trust conveying to him the entire assets of the late firm to secure the payment of all of his debts, including the debts due the plaintiffs and others by said firm, however giving preference in said conveyance to the one thousand and one hundred dollars due the Grafton Bank and others, the note executed to Burns by him for one thousand dollars, which note had been assigned by him to Anna Burns, and other individual debts, amounting in value to more than the property conveyed. John T. McGraw, trustee, filed his answer, in which he claimed that he had executed his duties under said trust deed, and had in his hands a fund realized out of the assets, and to be disbursed under said trust, in the sum of one thousand six hundred and fifty-four dollars and forty-three cents, and exhibited with his answer a statement of his receipts and disbursements, and on the 28th day of March, 1887, a decree was rendered in the cause holding that the question of fraud charged in the bill was not sustained, and, the plaintiff not asking an order of reference to settle the accounts of John T. McGraw, trustee, it was decreed that the injunction awarded in the cause be dissolved, and the bill dismissed, at the plaintiffs' costs, and from this decree the plaintiffs obtained an appeal to this Court, which was decided on the 6th day of June, 1880. A report of the case is found in 33 W. Va. 246 (10 S. E. 400), reversing the decree of the circuit court, and remanding the same; this Court holding that: "When one member of a mercantile firm purchases the interest of the other members, and in consideration thereof assumes to pay all the partnership debts, the firm and both members being at the

time insolvent, or on the eve of insolvency, and shortly thereafter the purchasing partner, without paying any of the firm's debts, conveys the whole of the assets of the late firm to a trustee in such manner as to devote the whole threof to the payment of his individual debts, held, such sale, being without any valuable consideration, is ineffectual to convert the social assets into individual property, and as to the equitable rights of the firm creditors such trust deed was fraudulent and void."

After the cause was remanded to the circuit court, the same was referred to a commissioner, who was directed to report all of the social or co-partnership debts of said J. J. Gilligan & Co. ; to whom due ; the amount thereof, including interest ; the priorities thereof, if any ; also the co-partnership or social assets subject to the payment of said co-partnership debts.   The First National Bank, John Flannagan, John T. McGraw, John S. Evans, and James Flannagan filed their joint answer to the plaintiff's bill, denying that the six hundred dollar note to the First National Bank of Grafton, payable to John Flannagan, and indorsed by the other respondents, and secured by the deed of trust executed by John J. Gilligan, was the individual debt of said Gilligan, and claimed that it was and is an accommodation note for the firm of John J. Gilligan & Co., for the purpose of enabling said firm to borrow funds from the respondent bank for the firm's benefit, and was so used by the said firm, and that respondents other than said bank were merely indorsers or sureties for said firm of John J. Gilligan & Co. ; that in said trust deed said note was misrecited as bearing date on the —— day of February, 1885, and payable six months after date, whereas in truth and fact it bears date the 29th day of January, 1885, and is payable four months after date, and was the only note of that description or amount held by the respondent bank.   The commissioner to whom the account was referred returned his report on the 30th day of December, 1890, which was excepted to by the First National Bank of Grafton, John S. Evans, John T. McGraw, John Flannagan, and James Flannagan.   They excepted to said report—First, because it failed to report said six hundred dollar bank debt as a partnership debt first in priority out of the social assets of John J. Gilligan & Co., as it was the only partnership debt

secured in priority in said trust deed, and said deed being held valid as to the partnership debts; secondly, because none of said debts are stated according to their proper legal priorities. John T. McGraw also excepted to said report—First, because it charged him with interest on the moneys in his hands, which moneys were held in his hands undisbursed by reason of the injunction granted in the cause and subject at all times to the order of the court; secondly, because the commissioner failed to allow the taxes and attorneys' fees paid by him; third, because said commissioner failed to separate the individual accounts and funds of John J. Gilligan from the partnership assets; fourth, because said commissioner improperly states the priorities of the partnership debts to be paid out of the social assets in this case. On the 16th day of January, 1891, a decree was entered overruling said exceptions to said commissioner's report, confirming a second report made by said commissioner, and directing the disbursement of the money in the hands of John T. McGraw, trustee, in accordance with the finding of said second report, and from this decree an appeal was taken to this Court, and on the 26th day of November, 1892 (16 S. E. 507), it was held to be the practice in this State to treat trustees, special commissioners, and others empowered or directed to sell as special receivers of the proceeds of sale; that in such cases, except under special circumstances, such trustees and commissioners to sell are not chargeable with interest on the proceeds of sale; that a receiver, general or special, as the law now is in this State, has no authority to invest or loan out at interest any such funds in his hands unless ordered by the court so to do; that when such trustee, as in this case, is, by injunction, restrained from disbursing or paying out such fund until the future order of the court, and he answers that "he has the fund in hand, ready to disburse according to the trust deed, or as the court may direct," if the parties in interest desire it to be paid into the hands of the general receiver, they must so move; and the trustee who does not appear to have received interest or other profit on it will not be chargeable with the interest because he did not, of his own motion, cause it to be turned over to the general receiver, and that "a trustee defendant resisting the plaintiff's claim and failing in his defense, will not

be permitted to charge against the fund money expended in attorney's fees, unless it appears that such defense was reasonable and proper;" that "in such suits a court of equity has a wide discretion in awarding costs." But the case was reversed and remanded, in order that proper parties might be made, and that proper accounts' might be taken. After the mandate was entered in the circuit court, on the 29th day of September, 1893, the cause was again heard, and upon consideration of the exceptions to said commissioner's report, taken by the First National Bank of Grafton, John S. Evans, John T. McGraw, John Flannagan, and James Flannagan, the court was of opinion that said exceptions numbered 1 and 2 were not well taken and should be overruled, which was accordingly done; and that of the exceptions taken by said John T. McGraw, trustee, those numbered one and four were well taken, and the court sustained them, and overruled exceptions 2 and 3, and sustained the two exceptions taken by the plaintiffs Wood, Bacon & Co., and confirmed the report in other respects, and the court proceeded to ascertain the several liens on the one thousand six hundred and fifty-four dollars and forty-three cents in the hands of J. T. McGraw, trustee, and made a statement of them according to their several priorities. The appellants, in their petition for an appeal in this case, say that, after said cause was remanded, said circuit court, without remanding said cause to rules, and without having brought before it the parties by the Supreme Court directed to be made parties to the suit, and without referring said cause to a commissioner to restate the accounts in the manner directed by the Supreme Court, proceeded to enter the final decree.

By referring to the record, it is perceived that Wheat and Naylor appeared, and filed their answer in the cause. Also that Peter Hanley, Ellen Hanley, Frank Hanley, and Michael Hanley, infant children of Patrick Hanley, deceased, having attained their majority, also filed their joint answer to the plaintiff's bill, disclaiming any interest in the funds in the hands of J. T. McGraw, trustee, so that all of the parties designated as necessary parties by the decree of this court appeared and answered, so that there was no necessity of remanding the case to rules.

It is further assigned as error that the court decreed the

six hundred dollar debt due the First National Bank of Grafton to be a partnership debt, to be paid by the executor of John T. Gilligan out of the unadministered assets in his hands, and by James P. Burns, the surviving partner. When we refer to the concluding paragraph of the opinion rendered by this Court on the 26th of November, 1892, we find that the cause was reversed and remanded with directions to see that all proper parties were before the court, and to have the proper accounts taken according to the principles laid down in *Darby* v. *Gilligan*, 33 W. Va. 246 (19 S. E. 400), and in *Baer* v. *Wilkinson*, 35 W. Va. 422 (14 S. E. 1). In the first-named case this court held that: "When one member of a mercantile firm purchases the interest of the other member, and in consideration thereof assumes to pay all the partnership debts, the firm and both members being at the time insolvent, or on the eve of insolvency, and shortly thereafter the purchasing partner, without paying any of the firm debts, conveys the whole of the assets of the late firm to a trustee in such manner as to devote the whole thereof to the payment of his individual debts, held, such sale, being without any valuable consideration, is ineffectual to convert the social assets into individual property, and as to the equitable rights of the firm creditors such trust deed is fraudulent and void;" and this syllabus was adopted and approved in the case of *Baer* v. *Wilkinson*, 35 W. Va. 422 (14 S. E. 1). Was it error on the part of the circuit court to proceed, as it did, to state the account in this case without a reference to a commsssioner? A circuit court surely has the right to state an account when there is sufficient evidence and data in the record to enable it to do so, and it was held by this Court in the case of *Dorr* v. *Dewing*, 36 W. Va. 466 (15 S. E. 93), that: "After a chancery cause has been heard, and a final decree pronounced in the court below, without an order of reference in any wise suggested or asked by the appellant, he cannot, for the first time, in the appellate court, assign such hearing without such order as error, unless it appears from the record that manifest injustice has been done him thereby, or that it was the duty of the court, of its own motion, if necessary, to send a cause to a commissioner before final hearing."

The second assignment of error relied on by the appel-

lants claims that "the court erred in not decreeing the $600 debt due the First National Bank of Grafton to be a partnership debt to be paid by the executor of John J. Gilligan out of the unadministered assets in his hands, and by Jas. P. Burns, the surviving partner." As to this assignment of error the case occupies precisely the same attitude, so far as the testimony is concerned, as it did when the former opinion was rendered by this Court in the case. That opinion was handed down on the 26th of November, 1892 and HOLT JUDGE, in delivering the opinion of the Court, says: "Appellants' assignment No. 3. In not treating the $600 bank debt as a firm debt, and because preferred in the deed of trust in not giving it priority out of the partnership funds. In the deed of trust Gilligan treats this $600 debt as his private or individual debt. In his sworn answer to the bill he states it to be his individual debt; and in his first deposition he says it is his individual debt; and in his last deposition, although he says it was a firm debt, yet he admits he used part of it for private purposes. Plaintiffs' bill charged it as his individual debt. That was taken as true by the bank and all the other parties interested in the question, and the decision of the Court in *Darby* v. *Gilligan,* 10 S. E. 400 is based in part on the fact that it was Gilligan's individual debt, and so it will have to be regarded for the purposes of this case."

Appellants' assignments Nos. 3 and 4 are to the same effect as No. 2.

The fifth assignment claims that the court erred in giving Wood, Bacon & Co., priority over other partnership creditors on a fund already in the hands of the court for distribution. As to the question raised by this assignment, this Court, in its former opinion, above referred to, said: "Wood, Bacon & Co., in their answer filed, joined in plaintiff's attack upon the deed of trust as fraudulent, and therefore their claim should, as to the parties before the court, be ranked next in priority after the seven claims of the seven plaintiffs." It was discovered that all the necessary parties for a proper adjudication of the case were not before the court, and the case was remanded, in order that the proper parties might be convened, which was done after the case was docketed again in the circuit

court. No additional testimony was adduced. The answer filed by the Hanleys merely admitted that their claim was paid. The answer of Wheat and Naylor merely asserted the amount of their claim, and prayed for a decree in their behalf for the same, so that there is no cause for changing the opinion expressed in the former decree of this Court as to the character and priorities of the respective claims of the parties of the suit; and the circuit court, in stating the account in regard to the items contested, has conformed to the opinion indicated by the former decree of this Court as to the priorities of the claims asserted by the respective parties. For these reasons the decree complained of is affirmed, except so far as it fails to give the holders of said six hundred dollars a decree against the firm of Gilligan & Co., for the amount of said note and its interest, to be recovered from them out of any assets of theirs which were not being distributed in this suit, and to that extent the decree complained of is reversed, with costs to the appellants; and this Court, proceeding to render such decree as should have been rendered, it is decreed that John J. Gilligan and James Burns, partners doing business under the firm name of Gilligan & Co., pay to the First National Bank of Grafton the sum of eight hundred and thirteen dollars and thirty cents, with interest thereon from the 2d day of January, 1897, until paid, but this amount is not to be paid out of the trust fund in the hands of John T. McGraw, trustee.

*Modified.*