# CHARLESTON.

ROBERTSON v. HARMON.

Submitted January 22, 1900.—Decided March 24, 1900.

1. APPEAL—*Evidence—Review.*

> Where a motion is made in the circuit court to set aside a verdict on the ground that the same is contrary to the evidence, and the court fails to certify all the evidence offered, or all the facts proved, the court cannot review or reverse the judgment for that cause.   (p. 502).

2. VERDICT—*Motion—Judgment—Presumption.*

  Where a circuit court, on motion, sets aside the verdict of a jury as contrary to the law and the evidence, the presumption of law is in favor of the correctness of the judgment, and it is incumbent on the party assailing the action of the court on the ground that it is contrary to the evidence to show the error by producing all of the evidence before the court.  (p. 502).

3. EVIDENCE—*Conflict—Judgment—Reversal.*

  Though evidence be conflicting, the court may set aside the verdict if against the weight of evidence, but such power should be exercised cautiously. When the court does so, its action is regarded with peculiar respect in an appellate court, and will not be reversed unless plainly wrong.  (p. 503).

Error to Circuit Court, McDowell County.

Action by Eugene Robertson against D. H. Harmon, Jr. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

RUCKER, KELLER & HAMILL, for plaintiff in error.

W. L. TAYLOR and R. C. McCLAUGHERTY, for defendant in error.

ENGLISH, JUDGE :

Eugene Robertson, the plaintiff in error in this case, was appointed a United States deputy marshal to serve under S. S. Vinson, United States marshal for the district of West Virginia. On the 30th of September, 1894, said Robertson filed his account for services rendered in the usual manner, which account, after deducting all disallowances and the percentage due the marshal, amounted to one thousand, two hundred and twenty-two dollars and thirty cents. Only one-half of this amount was sent by the marshal to said Robertson, and the residue thereof, at the instance of D. H. Harmon, Jr., also a deputy marshal, was placed to the credit of said Harmon and L. B. Vinson, another deputy marshal; said Harmon claiming the right to so credit said half on the ground that Robertson agreed to give him and L. B. Vinson one-half of his earnings as deputy if said Harmon would secure plaintiff the appointment as deputy marshal. The plaintiff made

frequent demands on said Harmon for the residue of said money. He promised to make it all right, but failed to do so, and on the 30th of April, 1896, Robertson filed in the clerk's office of the circuit court of McDowell County a notice under section 6 of chapter 121 of the Code for the recovery of six hundred and eleven dollars and fifteen cents, the one-half of the sum so credited, which had been collected and received on plaintiff's account from the office of the United States marshal, which notice had been served on Harmon, informing him that on Monday, the 8th of June,—that being the first day of the June term of the McDowell circuit court,—he would move said court for judgment for said sum, with interest thereon from September 30, 1894, and costs. The case was regularly docketed on June 8th, and on the 10th a motion was made to quash the notice, which was over-ruled. The defendant pleaded that he did not owe plaintiff said sum, and issue was joined thereon. On March 14, 1898, the case was submitted to a jury, and resulted in a verdict for the plaintiff for two hundred and fifty-five dollars and fifty-seven cents, and thereupon the defendant moved the court to set aside the verdict and grant him a new trial on the ground that the same is contrary to the law and the evidence, which motion was sustained by the court, and the verdict set aside. The plaintiff excepted, and took a bill of exceptions, and thereupon the plaintiff obtained this writ of error, assigning as the sole ground of error, the action of the court in setting aside the verdict of the jury.

The bill of exceptions does not certify all of the evidence, or all of the facts proved, so that this Court has no opportunity of determining whether the action of the court in setting aside the verdict was proper or not. This Court held, in *Ilsley* v. *Wilson*, 42 W. Va. 758 (26 S. E. 551), that, "where a motion is made in the circuit court to set aside a verdict on the ground that the same is contrary to the evidence, and the court fails to certify all the evidence offered or all the facts proved, this Court cannot review or reverse the judgment for that cause." See, also, *Shrewsbury* v. *Miller*, 10 W. Va. 116; *Bank of Valley* v. *Bank of Berkeley* 3 W. Va. 386. The court gave the instruction asked for

by the plaintiff, and refused that asked for by the defendant, so that the plaintiff, who is plaintiff in error here, cannot complain of the action of the court with reference to the instructions asked. Now, it is true the record shows that certain depositions were read to the jury, among them that of E. L. Nash, bookkeeper for Marshal Vinson, who states that on September 30, 1894, he credited D. H. Harmon, Jr., and L. B. Vinson with a portion of the fees due by said marshal's office to Eugene Robertson. This witness was also asked to make and file with his deposition a full statement of the accounts of Deputy Robertson from the time he was first appointed up to the close of his official connection with the office under Marshal Vinson, showing the time and amount of this credit mentioned, and file the same with his deposition, to be marked "E. L. Nash." He answered, "I will." He was asked also on cross-examination to file with his deposition the account of D. H. Harmon, Jr., as shown by his books, marked " D. H. H. ", and answered, "I will." While these exhibits may have been before the circuit court, and would, no doubt, throw light upon the question presented to this Court, they are not certified as part of the evidence, and, not having the facts before us upon which the action of the circuit court was based, we are met with the presumption that the judgment of the circuit court was correct. In the case of *Grogan* v. *Railway Co.*, 39 W. Va. 415, (19 S. E. 563), this Court held that: "Though evidence was conflicting, the court may set aside the verdict if against the weight of evidence; but such power should be exercised cautiously. When the court does so, its action is regarded with peculiar respect in an appellate court, and will not be reversed unless plainly wrong." In the absence of evidence, we cannot say whether the action of the court was right or wrong, and the judgment must be affirmed.

*Affirmed.*