Merrimack, ⎱
March 7, 1905. ⎰

## MINER v. HOPKINTON.

A cut resulting from the construction of a highway at a lower level than the adjacent land is not a "dangerous embankment," within the meaning of section 1, chapter 59, Laws 1893.

A dangerous accumulation of snow in a highway cut is not a defect which renders a town liable to a traveler injured thereby.

A petition for leave to litigate a claim for highway injury is properly dismissed when it is apparent from the opening statement of counsel that the plaintiff has no cause of action.

PETITION, under section 8, chapter 76, Public Statutes, for leave to file a statement of claim for an injury caused by an alleged defect in a highway. At the April term, 1904, of the superior court the petition was dismissed by *Peaslee*, J., subject to the plaintiff's exception, after hearing the opening statement of her counsel.

*Matthews & Sawyer* and *Oliver E. Branch*, for the plaintiff.

*Sargent, Remick & Niles*, for the defendants.

CHASE, J. The plaintiff relies, for her right of action, upon the provision of the statutes by which " towns are liable for damages happening to any person, his team or carriage, traveling upon a bridge, culvert, or sluiceway, or dangerous embankments and defective railings, upon any highway, by reason of any obstruction, defect, insufficiency, or want of repair of such bridge, culvert, or sluiceway, or dangerous embankments and defective railings, which renders it unsuitable for the travel thereon." Laws 1893, c. 59, s. 1. She says she was traveling, when injured, upon a " dangerous embankment and defective railing " in a highway, within the meaning of this statute, and was injured by reason of a defect therein. According to the opening statement, she was in fact traveling upon a portion of a highway that was in a cut, 150 to 200 feet in length, having sides or banks which began at the level of the wrought surface of the highway at each end of the cut and increased in height above the surface toward an intervening point where they were three and a half to four feet above the surface. At the point of the accident, the banks were a foot and a half to two feet high. It is evident that this cut was not a " dangerous embankment and defective railing," according to the interpretation given to those words in *Wilder* v. *Concord*, 72

N. H. 259, 264,—that is, a dangerous embankment defectively railed. A cut is the opposite of an embankment. That it has banks does not constitute it an embankment, any more than the banks of a river constitute the river an embankment. There is nothing in the statute having a tendency to show that the word was used in a sense differing from its "common and approved" signification.

It was also stated in the opening that snow had drifted into the cut and been pressed down by a road roller, so that at the point of the accident it was compact, and its surface sloped from the top of the bank toward the traveled part of the highway. The plaintiff, in attempting to pass a team going in an opposite direction, caused one runner of her sleigh to climb this sloping surface and overturn the sleigh. Manifestly, these circumstances do not bring the case within the foregoing provision. Under the former law, making towns liable for damages happening to travelers upon highways generally, by reason of defects therein, there was a provision by which they were liable "for damages happening from the snow incumbering the same, as from any other defect." P. S., c. 76, s. 2. This provision, as well as that creating the general liability, was expressly repealed by the act of 1893. Laws 1893, c. 59, s. 5.

As it appeared from the opening statement that the plaintiff has no cause of action against the defendants under the statute relied upon, the petition was properly dismissed. *Owen* v. *Derry*, 71 N. H. 405.

*Exception overruled.*

All concurred.