## SMITH v. O'BRIEN.
### No. 6677.

United States Court of Appeals for the District of Columbia.

Argued Dec. 8, 1936.
Decided Jan. 4, 1937.

Edward D. Hays, of Washington, D. C., for appellant.

Leslie C. Garnett and John J. Wilson, both of Washington, D. C., for appellee.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, and GRONER, JJ.

PER CURIAM.

This case is here on appeal from an order of the Supreme Court of the District of Columbia, directing a verdict for defendant at the conclusion of the opening statement by counsel for the plaintiff, and before any evidence was offered. It appears that the defendant, O'Brien, is chairman of the Tariff Commission; that the plaintiff, a man over 70 years of age, had at different times for more than 15 years prior to the time here in question been working as an employee in different departments of the government; that, due to his severance at one time from the government service, he lost his status in the civil service; and that he had applied to the Civil Service Commission to restore his civil service status through an executive order, so that he might become an annuitant under the annuity law. The Tariff Commission, with which the last government service was performed, was anxious to aid him in having his status restored, and had unanimously communicated with the Civil Service Commission for this purpose. Some five years later, in 1935, plaintiff decided to renew his efforts to secure reinstatement, and again sought the aid of the Tariff Commission. Plaintiff, however, had not met the defendant, chairman of the Commission, but was introduced to him by another member of the Commission. When plaintiff presented to defendant a document showing his extended service in the government and his prior civil service status, and reasons for reinstatement, defendant, after perusing the document and before plaintiff had verbally requested his indorsement thereof, according to the opening statement of counsel, "went at once into a violent rage and began at once to traduce, denounce, and vilify this plaintiff, Colonel Smith, * * * and did accuse him of a crime, of a penitentiary offense. He said 'you are attempting to swindle the government. You are trying to swindle the government.' "

At the conclusion of the opening statement, on motion of counsel for defendant, and after argument and two opportunities afforded by the court for plaintiff to amend his statement, the court directed the jury to return a verdict for the defendant.

It clearly appears, we think, that the reinstatement of the civil service status of plaintiff was a matter that had been under consideration by the Tariff Commission at a prior date, and upon which it had taken official action. In other words, it formed a part of the record in plaintiff's case pending before the Civil Service Commission. The object of plaintiff's visit to the chairman of the Tariff Commission was to procure further action by the Commission with the Civil Service Commission in his behalf. The incident occurred in defendant's office, and at the place where he met persons having business with the Commission. The Commission is a government agency vested with executive and quasi judicial powers. It is invested with all the functions of authority which protect its members from liability for statements made in connection with the transaction of the business of the Commission. Being so protected, we think the defendant should not be held liable in damages for the statements alleged to have been made. This clearly appearing from the opening statement of counsel, it was the duty of the court, upon motion, to direct the jury to return a verdict in favor of the defendant. Best v. District of Columbia, 291 U.S. 411, 415, 54 S.Ct. 487, 78 L.Ed. 882.

The judgment is affirmed.