HOME LOAN COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. MARY A. SCANLON, DEFENDANT-RESPONDENT.

Argued January 20, 1938—Decided August 11, 1938.

Before Justices CASE and DONGES.

For the plaintiff-appellant, *James A. McTague* and *Edward DeSevo*.

For the defendant-respondent, *John Francis Gough*.

The opinion of the court was delivered by

CASE, J.   Respondent moves to dismiss the appeal upon the ground that the judge of the District Court did not certify the stenographer's transcript of the proceedings and the testimony as the state of case on appeal within thirty days after the rendition of judgment, and that the transcript was not filed in this court within that period.   Judgment of nonsuit was rendered against the appellant on October 7th, 1937.   On November 18th, 1937, the judge signed the certificate to the transcript.   There had been intermediate proceedings which

need not be recited. The certification of the transcript was not made within the statutory period of thirty days after trial, chapter 155, *Pamph. L.* 1932, and the respondent would have been entitled to a dismissal of the appeal (*Malyas* v. *Yurko,* 12 *N. J. Mis. R.* 715, and the cases therein cited) if she had moved speedily to that end. The transcript of the prooceedings and the testimony was filed with the clerk of the court on November 30th, 1937. The state of case was served upon respondent's attorney on December 1st, 1937. Respondent did not proceed as it was her right and, if she purposed objecting, her duty to do under rule 155 but waited until the case was moved for argument at the January, 1938, term before raising the question of delayed certification and filing. In the absence of timely objection or motion under the rule, the contention loses merit. *Jacobson* v. *New York, S. and W. Railroad Co.,* 87 *N. J. L.* 378; *Guarraia* v. *Metropolitan Life Insurance Co.,* 90 *Id.* 682. The motion to dismiss is denied.

We proceed to the merits, and on the merits respondent presents no argument. This is the second time that the case has been before us on plaintiff's appeal. On the first trial the judge erroneously granted a nonsuit at the close of the plaintiff's case. 15 *N. J. Mis. R.* 509. At the beginning of the second trial the court nonsuited the plaintiff on its opening, which was:

"The suit is based on a promissory note dated November 19th, 1928, signed by the defendant and made to the order of the plaintiff, on which there is now due the sum of $500, on which plaintiff claims judgment."

The stated ground for the nonsuit was that the promissory note sued upon was dated November 19th, 1928, and was therefore outlawed on March 14th, 1936, when the suit was instituted. That conclusion was not necessarily so. It was not so if the state of demand was correct in alleging that the last payment on account of the note was made on June 23d, 1930. Plaintiff's attorney immediately asked leave to make a fuller opening and was refused. A nonsuit may be justified on counsel's opening, but it should not be granted inconsiderately or without opportunity to counsel, with knowledge

that a court ruling impends, to state his case on issuable points. *Donnelly* v. *Paramount Organization, Inc..* 109 *N. J. L.* 57. The due use of discretion should, under the circumstances, have led the judge to permit counsel to amplify his opening.

The judgment below will be reversed, with costs.