ESTHER McCOURT, GUARDIAN OF JAMES McCOURT, A LUNATIC, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION, AND PATRICK McGRAFF, DEFENDANTS-RESPONDENTS.

Submitted February 17, 1939—Decided April 21, 1939.

For the appellant, *John F. Ryan* and *Merritt Lane.*

For the respondent, *William H. Speer, Henry H. Fryling* and *James J. Higgins.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of nonsuit directed upon the opening of counsel for the plaintiff.

There are two grounds of appeal but, together, they amount to one asserting error in nonsuiting.

Counsel for appellant concedes that it is not error to grant a motion to nonsuit upon the opening where it is clearly evident that no case can be made out or that a recovery is precluded.

The facts as set up by the opening are briefly these; plaintiff's incompetent was in the employ of the county of Hudson and with others was working on Harrison Turnpike, a county road; the work was the cleaning of tar from the curb stones and gutters in the prosecution of which work it was necessary to burn wood in salamanders so that the hot coals could be applied to the tar in order to loosen it; the fuel for this purpose was obtained by the workmen from lands adjacent to the turnpike.

The tracks of the respondent are on a right-of-way owned by it, running parallel to the highway. Although the road is sixty-six feet wide, the opened and improved portion is only forty feet between curbs, the northerly curb line being thirteen feet from the line of right-of-way and the distance from the nearest rail and the road line is nine and one-half feet.

While appellant's incompetent was in the act of crossing respondent's right-of-way he was struck by one of its cars operated by its servant, Patrick McGraff, the other respondent, and was injured.

First the appellant contends that the general rule is that a person is liable for such results of his negligence as can be reasonably anticipated and that the owner of land is exempted

from liability to trespassers and licensees only to such extent as is necessary to secure to him the beneficial use of his land. He then argues that operation of cars over the right-of-way of the respondent amounts to an extraordinary use of the property, rather than the beneficial use for which such property is usually held, and contends that respondent is not entitled to the protection of the exemption.

We have considered the following cases cited by the appellant, *Van Winkle* v. *American Steam Boiler Co.*, 52 *N. J. L.* 240; *Guinn* v. *Delaware and Atlantic Telephone Co.*, 72 *Id.* 276; *Barnett* v. *Atlantic City Electric Co.*, 87 *Id.* 29; *Piraccini* v. *Director General of Railroads*, 95 *Id.* 114; *Robbins* v. *Thies*, 117 *Id.* 389; *Adams* v. *Atlantic City Electric Co.*, 120 *Id.* 357, in conjunction with certain other cited cases and we conclude that they are without application. The beneficial use to which the property is subjected and for which it was acquired is not extraordinary in the sense that it is highly dangerous according to ordinary and reasonable standards.

Second, the right of the appellant's incompetent to be upon the right-of-way is sought to be justified by *Pamph. L.* 1918, *ch.* 185, §§ 1101 and 1125. The trial judge did not so find and we agree with him. If this statute has any application to the situation it does no more than relieve the appellant's incompetent of the character of a trespasser. He was not an invitee and at best he was a licensee. The degree of care due either a licensee or trespasser is to abstain from acts willfully and wantonly injurious. Counsel for the appellant admitted that he did not intend to present proof of such conduct.

Under all the circumstances, as presented to the trial court, there was nothing calling for the exercise of reasonable care.

Finding no error in the action of the trial court the judgment under review is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, Rafferty, JJ. 14.

*For reversal*—None.