Rockingham,
No. 4796.

IRVING SCAMMON *& a. v.* HARRY PAGE.

Argued January 5, 1960.

Decided January 27, 1960.

*Russell H. McGuirk* and *Robert Shaw* (*Mr. Shaw* orally), for the plaintiffs.

*Sleeper & Mullavey* and *Edward E. Williams* (*Mr. Williams* orally), for the defendant.

KENISON, C. J. At the close of the plaintiffs' opening statement to the jury the defendant moved for a nonsuit on the ground that there was no statement of negligence on the part of the defendant. Thereupon the following transpired at the bench:

"COURT: Do you wish to amend your opening statement?

"[Plaintiffs' counsel]: If the Court plans to grant the motion we would be glad to amend because there is no question but what we can amend it to make the allegation broad enough in that respect.

"COURT: Do you wish to amend?

"[Plaintiffs' counsel]: We don't want to unless you plan to grant the motion, we don't want to prejudice our case.

"COURT: For the record, do you wish to amend your opening statement?

"[Plaintiffs' counsel]: For the record, we don't care to but if you are planning to grant the motion —

"COURT: Mr. Foreman and members of the jury, we'll take a recess at this time."

Following further discussion in chambers the plaintiffs expressly stated that they were not relying upon *res ipsa loquitur*. The defendant renewed his motion for a nonsuit because the opening statement was "now complete" and that there was no statement indicating causal negligence on the part of the defendant. The Court thereupon granted the motion for a nonsuit. Finally the plaintiffs asked the Court to add something more by way of amendment to their opening which was denied.

The power of the Trial Court to grant a nonsuit upon the opening statement of plaintiffs' counsel has been sustained in this jurisdiction by cases early and recent. *Hughes* v. *Railroad,* 71

N. H. 279; *Carr* v. *Company*, 101 N. H. 84; *Maxfield* v. *Maxfield*, 102 N. H. 101. See Millar, Civil Procedure of the Trial Court in Historical Perspective, *ch.* 19, *s.* 2 (1952). Since the granting of a nonsuit on the opening statement of counsel is drastic procedural medicine, our cases have consistently held that the Trial Court must ascertain definitely if the opening statement embraces the entire proof. *Cavanaugh* v. *Barnard,* 83 N. H. 370, 373; *Fasekis* v. *Company,* 93 N. H. 468. See Burns, Preparation and Trial of a Tort Action in New Hampshire, 2 N. H. Bar J. 11, 23 (1959).

In the present case counsel was given several opportunities to amend or enlarge his opening statement after the defendant's counsel moved for a nonsuit on the ground of absence of any causal negligence. While the Trial Court has discretionary power to allow supplemental openings (*Taylor* v. *Jewell,* 98 N. H. 331) he is not obligated to give counsel unlimited opportunities in this respect. The plaintiffs' opening statement to the effect that the defendant's mules had been placed in the "wrong pasture" was not a sufficient statement of defendant's causal negligence to take the case to the jury. If the defendant had negligently placed the mules in an improperly fenced enclosure, there is little doubt that the plaintiffs would have a cause of action. *Howland* v. *Cressy,* 95 N. H. 205; anno. 59 A. L. R. (2d) 1328.

The plaintiffs' failure to indicate the causal negligence of the defendant after adequate opportunity to correct it, was sufficient ground for the Court to grant the nonsuit that it did. Anno. 129 A. L. R. 557.

*Exception overruled.*

All concurred.