149 S.E.2d 213 (1966)
Mary R. ALEXANDER et al.
v.
David G. JENNINGS et al.
No. 12497.
Supreme Court of Appeals of West Virginia.
Submitted April 26, 1966.
Decided June 28, 1966.
*215 Marshall, Harshbarger & St. Clair, Huntington, for appellants.
Campbell, McNeer, Woods, Bagley & Emerson, C. F. Bagley, R. G. McNeer, Jenkins & Jenkins, John E. Jenkins, Jr., Huntington, for appellees.
HAYMOND, Judge.
This is a civil action instituted in April 1963 in the Circuit Court of Cabell County, in which the plaintiffs, Mary R. Alexander and George A. Alexander, a married couple, seek to recover from the defendants, David G. Jennings, Murphy Goff and Dunn and Bradstreet, Inc., damages for personal injuries, medical expenses and loss of services, resulting from certain injuries sustained by the plaintiff Mary R. Alexander on November 30, 1962, in an automobile collision on U.S. Interstate Route 64, caused by the alleged negligence of the defendants.
Upon the conclusion of the opening statements by the attorneys in behalf of the plaintiffs and the defendant Jennings, the circuit court, upon motion in behalf of the defendant Goff, dismissed him from the case upon the ground that the pretrial stipulation between the parties and the opening statement of the attorney in behalf of the plaintiffs showed that the acts of the defendant Goff of which the plaintiffs complain were not the proximate cause of the collision and also dismissed, on its merits, the cross-claim of the defendant Jennings against the defendant Goff.
The trial proceeded against the defendants Jennings and Dunn and Bradstreet, Inc., and the jury returned a verdict in favor of the defendant Jennings against the plaintiff Mary R. Alexander for $528.62 for medical expenses and property damage sustained by that defendant. The circuit court rendered judgment that the plaintiffs take nothing in this action and also rendered judgment upon the verdict of the jury in favor of the defendant Jennings against the plaintiff Mary R. Alexander for $528.62, with interest and costs, and by order entered November 10, 1964 overruled the motion of the plaintiffs for judgment notwithstanding the verdict and refused to grant the plaintiffs a new trial against the defendant Goff. The record is silent as to any specific action of the circuit court with respect to the defendant Dunn and Bradstreet, Inc. From the judgment rendered November 10, 1964, this Court granted this appeal and supersedeas upon the application of the plaintiffs.
The material facts are set forth in a pretrial stipulation of the parties and in the opening statement of the attorney in behalf of the plaintiffs. The collision between the automobiles which gave rise to this action occurred at the interchange on U.S. Interstate Route 64, near Hurricane, West Virginia, about 7:15 o'clock on the morning of November 30, 1962. At that time the plaintiff Mary R. Alexander was engaged in operating a 1960 Oldsmobile automobile, owned by Kyle D. Moore, in which his wife was a passenger. The automobile driven by the plaintiff Mary R. Alexander was traveling in an easterly direction when it collided with a 1960 Mercury automobile, owned and operated by the defendant David G. Jennings, which was also proceeding in an easterly direction in front of the automobile driven by the plaintiff Mary R. Alexander. At the time of the collision between the automobiles driven by the plaintiff Mary R. Alexander and the defendant David G. Jennings, the defendant Murphy *216 Goff was on the wrong side of the median strip of the highway and the automobile operated by him was or had been proceeding in a westerly direction. The defendant David G. Jennings had reduced the speed of his automobile or had brought it to a stop and was in the act of communicating with the defendant Goff to inform him that he was on the wrong side of the highway when the automobile driven by the plaintiff Mary R. Alexander collided with the rear of the Jennings automobile. The damages to the automobile of the defendant David G. Jennings amounted to $503.62 and he incurred an obligation of $25.00 for medical expenses as a result of the collision. There was no physical contact between the automobile of the defendant Goff and the automobiles of the plaintiff Mary R. Alexander and the defendant David G. Jennings. At and before the collision a dense fog had settled upon the highway which became thicker as the plaintiff Mary R. Alexander proceeded eastwardly toward Hurricane and when she arrived at the interchange the fog was so thick that she could travel at a speed of only twenty or twenty five miles per hour. Suddenly there appeared before her two automobiles blocking both lanes of the highway, one of them, the Goff automobile, pointing in a westerly direction, and the Jennings automobile, pointing in an easterly direction and was either stationary or traveling at a speed of approximately five miles per hour. In that situation and with the visibility impaired by the fog the plaintiff Mary R. Alexander attempted unsuccessfully to turn to her right and applied the brakes but was unable to avoid a collision with the automobile of the defendant David G. Jennings. As the result of the collision she suffered a laceration of her forehead and a fracture of a bone in her foot. In this action she seeks to recover damages in the amount of $25,000.00 and her husband George A. Alexander seeks to recover the sum of $5,000.00 for medical expenses and loss of services of his wife.
The evidence produced and the proceedings had upon the trial of the action between the plaintiffs and the defendants Jennings and Dunn and Bradstreet, Inc. after the dismissal of the defendant Murphy Goff from the case are not incorporated in the record upon this appeal.
The principal error assigned by the plaintiffs relates to the action of the circuit court in dismissing the defendant Goff from the case after the conclusion of the opening statements in behalf of the plaintiffs and the defendant Jennings and before the introduction of any evidence in the case, and it is the contention of the plaintiffs that the question of negligence upon the part of the defendant Goff was not a question of law for the court but was a question of fact for the jury.
The action of the circuit court in dismissing the defendant Goff upon the pretrial stipulation of the parties and the opening statement in behalf of the plaintiffs presents a case of first impression in this State as the question of the power of the trial court to enter such dismissal has not heretofore been presented to or considered by this Court. By the clear weight of authority, however, the trial court may take the case from the jury by a directed verdict or judgment of dismissal or other procedure when it is clear from the opening statement either that the plaintiff can not recover or that the defendant has no defense; but this authority should be exercised cautiously and only in a clear case. 88 C.J.S. Trial § 161c; 5 A.L.R.3d, Annotation I, Section 2, Background and Summary, pages 1411 and 1412. In 88 C.J.S. Trial § 161c, the text contains this language: "The court has the power to dismiss the complaint, or grant a nonsuit, or direct a verdict for defendant on the opening statement of plaintiff's counsel where that statement clearly establishes that plaintiff has no right to recover, as where it distinctly sets out or admits facts the existence of which precludes his recovery. Likewise, the court may properly enter a judgment or directed verdict for plaintiff on defendant's opening statement, where it is plain that the facts *217 sought to be proved as stated by defendant's counsel would not constitute a defense, * * *. However, in order to justify a judgment or directed verdict for defendant, plaintiff's opening statement must clearly show the absence of a right to recover; and, likewise, to justify a directed verdict or judgment for plaintiff, defendant's opening statement must clearly show the absence of a defense. Thus, in order to justify the entry of a judgment against a party on his opening statement, the admissions therein should be distinct and such as absolutely preclude a recovery; in other words counsel must clearly ruin his own case, and the direction of a verdict under such circumstances is said to lie within the sound discretion of the trial court." See also 53 Am. Jur., Trial, Sections 374, 375 and 382.
The well established rule governing such procedure is stated in the leading case of Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882, although in that case the Supreme Court of the United States held that the trial court should not have directed a verdict for the defendant but should have permitted testimony to establish the facts involved. In the opinion the Court said: "There is no question as to the power of the trial court to direct a verdict for the defendant upon the opening statement of plaintiff's counsel where that statement establishes that the plaintiff has no right to recover. The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced. Oscanyan v. Arms Co., 103 U.S. 261, 263 [26 L.Ed. 539]. The exercise of this power in a proper case is not only not objectionable, but is convenient in saving time and expense by shortening trials. Liverpool, N. Y. & P. S.S. Co. v. Commissioners, 113 U.S. 33, 37 [5 S.Ct. 352, 28 L.Ed. 899]. But the power is not properly exercised if the opening statement leaves doubt as to the facts or permits conflicting inferences. Where uncertainty arises either from a conflict of testimony or because, the facts being undisputed, fair-minded men may honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. Richmond & Danville R. Co. v. Powers, 149 U.S. 43, 45 [13 S.Ct. 748, 37 L.Ed. 642]; Texas & Pacific Ry. Co. v. Harvey, 228 U.S. 319, 324 [33 S.Ct. 518, 57 L.Ed. 852]; Gunning v. Cooley, 281 U.S. 90, 94 [50 S.Ct. 231, 74 L.Ed. 720]."
In Tuck v. Chesapeake and Ohio Railway Company, 4th circuit, 251 F.2d 180, the United States Circuit Court of Appeals held that an opening statement by plaintiff's counsel that he believed the railroad was negligent in maintaining a crossing at a place where an automobile struck a train, and that he believed the evidence would be that it was foggy and had been raining and visibility was poor at the time the decedent drove his automobile into the side of a moving train, together with photographs offered at pretrial, disclosed circumstances which left no room for any inference other than that of contributory negligence on the part of the decedent, and that the action was properly dismissed upon the opening statement in behalf of the plaintiff. In the opinion the Court said: "* * * the opening statement reveals beyond question the absence of a valid claim and the futility of a trial. Accepting as true the affirmations of counsel, and indulging every reasonable inference in plaintiff's favor, we think that a conclusion of contributory negligence is inescapable."
See also Oscanyan v. Arms Company, 103 U.S. 261, 26 L.Ed. 539; Halin v. United Mine Workers of America, 97 App. D.C. 210, 229 F.2d 784; Parelman v. Parelman, 93 U.S.App.D.C. 361, 210 F.2d 29; United States v. Dietrich, D.C.Neb., 126 F. 676; Tompkins v. Knut, D.C.Ky., 94 F. 956; Smith v. O'Brien, 66 App.D.C. 387, 88 F.2d 769; Hornblower v. George Washington University, 31 App.D.C. 64, 14 Ann.Cas. 696; Brown v. District of Columbia, *218 29 App.D.C. 273, 25 L.R.A.,N.S., 98; Wrightson v. Dougherty, 5 Cal.2d 257, 54 P.2d 13; Kluska v. City of Chicago, 97 Ill.App. 665; Lindley v. Atchison, Topeka and Santa Fe Railway Company, 47 Kan. 432, 28 P. 201; Carter v. Aetna Life Insurance Company of Hartford, Connecticut, 272 Ky. 392, 114 S.W.2d 496; Tassinari v. Massachusetts Turnpike Authority, 347 Mass. 222, 197 N.E.2d 584; Cohen v. Suburban Sidney-Hill, Inc., 343 Mass. 217, 178 N.E.2d 19; Wilkinson v. New England Telephone and Telegraph Company, 327 Mass. 132, 97 N.E.2d 413; Sandler v. Green, 287 Mass. 404, 192 N.E. 39; Williams v. Whitinsville Savings Bank, 283 Mass. 297, 186 N.E. 502; Easley v. Mortensen, 370 Mich. 115, 121 N.W.2d 420; Jones v. Hicks, 358 Mich. 474, 100 N.W.2d 243; Vida v. Miller Allied Industries, 347 Mich. 257, 79 N.W.2d 493; Gifford v. Dice, 269 Mich. 293, 257 N.W. 830, 96 A.L.R. 1477; Spicer v. Bonker, 45 Mich. 630, 8 N.W. 518; Plotkin v. Northland Transportation Company, 204 Minn. 422, 283 N.W. 758; Butcher v. Main, (Mo.), 371 S.W.2d 203; Hays v. Missouri Pacific Railroad Company, (Mo.), 304 S.W.2d 800; Pratt v. Conway, 148 Mo. 291, 49 S.W. 1028, 71 Am.St.Rep. 602; Miner v. Town of Hopkinton, 73 N.H. 232, 60 A. 433; McCourt v. Public Service Co-ordinated Transport, 122 N.J.L. 419, 5 A.2d 734; Home Loan Company v. Scanlon, 120 N.J.L. 544, 1 A.2d 23; Jordon v. Reed, 77 N. J.L. 584, 71 A. 280; Stubblefield v. Crawford, 69 N.M. 313, 366 P.2d 708; Sweeney v. O'Dwyer, 197 N.Y. 499, 90 N.E. 1129.
In this jurisdiction and in general, the opening statement of counsel is ordinarily intended to do no more than to inform the jury in a general way of the nature of the action and the defense in order that the jury may better be prepared to understand the evidence. See State v. Barrick, 60 W.Va. 576, 55 S.E. 652; Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882; Petersen v. General Rug and Carpet Cleaners, 333 Ill. App. 47, 77 N.E.2d 58; Douglas v. Whittaker, 324 Mass. 398, 86 N.E.2d 916; Hays v. Missouri Pacific Railroad Company, (Mo.), 304 S.W.2d 800; Maggio v. City of Cleveland, 151 Ohio St. 136, 84 N.E.2d 912; 88 C.J.S. Trial § 161a. In 5 A.L.R. 3d, Annotation I, Section 2, Background and Summary, pages 1411 and 1412, the annotation contains these statements: "It has frequently been pointed out in this connection that the primary purpose of an opening statement ordinarily is merely to inform the court and the jury (where the trial is before a jury) of the nature of the case, and to outline, in a more or less general and informal manner, the issues raised by the formal pleadings and the evidence proposed or expected to be introduced, so as to enable the court and jury more readily to understand, assimilate, and apply the evidence as it is presented, and that it is not ordinarily intended to supersede or modify the pleadings or to be a full and complete statement of the cause of action or defense." The same annotation also uses this language: "According to the overwhelming weight of authority a trial court may in a proper case dispose of a civil action on the opening statement of counsel for either party, but should exercise such power sparingly and with caution. This view has been expressed in a variety of ways by courts of many jurisdictions, including the United States Supreme Court. The exercise of this power rests within the discretion of the trial court, but there is also authority for the view that it is not only the right but the duty of the court, in a proper case, to summarily dispose of the action on the opening."
The stipulation of the parties states that "there was no physical contact between the Goff automobile and either of the other automobiles."
The opening statement in behalf of the plaintiffs contains this language:
"As they proceeded further towards Hurricane, the fog got thicker and thicker. *219 By the time they got to the scene of this collision the fog was so thick that Mrs. Alexander could only drive about twenty or twenty-five miles an hour. And all of a sudden there appeared before her two cars blocking both lanes of the interstate, one of them, Mr. Goff's car, pointing down the road, and the other one, Mr. Jennings' car, right beside him. He was either stopped, in the Jennings car, or going at a very, very slow rate of speed, about five miles an hour.
"Well, the visibility was terrible. She slammed on her brakes, but could not avoid hitting the Jennings' car. She attempted to turn to the right but there wasn't time."
It is clear from the facts set forth in the stipulation and in the opening statement in behalf of the plaintiffs that the defendant Goff was not guilty of any negligence which was the proximate cause of the collision and also that the conduct of the plaintiff Mary R. Alexander in driving the automobile operated by her at an excessive rate of speed in a dense fog, which prevented her from observing the automobile of the defendant Jennings in time to avoid striking it, constituted negligence which proximately caused or contributed to the collision and that such negligence would preclude her from any recovery against either Goff or Jennings. Divita v. Atlantic Trucking Company, 129 W.Va. 267, 40 S.E.2d 324. Though by leave of the court counsel for the plaintiffs could have been permitted to amend his opening statement, McGovern v. Hitt, 62 App.D.C. 33, 64 F.2d 156, certiorari denied, 290 U.S. 637, 54 S.Ct. 54, 78 L.Ed. 554, Jones v. Hicks, 358 Mich. 474, 100 N.W.2d 243, Scammon v. Page, 102 N.H. 404, 157 A.2d 651, Home Loan Company v. Scanlon, 120 N.J.L. 544, 1 A.2d 23, 53 Am.Jur., Trial, Section 381, he made no request to change or amend it, perhaps for the obvious reason that he could not correct or change the stated facts by means of any amendment. It is also clear from the adverse verdict of the jury that the jury believed that the defendant Jennings was not guilty of negligence or that the plaintiff Mary R. Alexander was guilty of either primary or contributory negligence which prevented any recovery in her behalf.
As the facts contained in the stipulation and in the opening statement in behalf of the plaintiffs indicate clearly that the defendant Goff was not guilty of negligence which was the proximate cause of the collision and that the plaintiff Mary R. Alexander was guilty of either primary or contributory negligence which proximately caused or contributed to the collision and that for these reasons the plaintiffs, as a matter of law, could not have been entitled to a verdict of the jury in their favor, the action of the circuit court in dismissing the defendant Goff from the case upon the basis of the facts set forth in the stipulation and in the opening statement in behalf of the plaintiffs was within the power and authority of the court, was correct and proper, and was free from prejudicial error.
This is an action based on negligence and in order to recover the plaintiffs must establish actionable negligence upon the part of the defendants. The principle is well established by many decisions of this Court that to recover in an action based on negligence the plaintiff must prove that the defendant was guilty of primary negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains. McCoy v. Cohen, 149 W.Va. 197, 140 S.E.2d 427; Pygman v. Helton, 148 W.Va. 281, 134 S.E.2d 717; Burdette v. Burdette, 147 W.Va. 313, 127 S.E.2d 249; Graham v. Wriston, 146 W.Va. 484, 120 S.E.2d 713; Davis v. Fire Creek Fuel Company, 144 W.Va. 537, 109 S.E.2d 144; Frye v. McCrory Stores Corporation, 144 W.Va. 123, 107 S.E.2d 378; Adkins v. Smith, 142 W.Va. 772, 98 S.E.2d 712; Miller v. Bolyard, 142 W.Va. 590, 97 S. E.2d 58; Hartley v. Crede, 140 W.Va. *220 133, 82 S.E.2d 672; Keller v. Wonn, 140 W.Va. 860, 87 S.E.2d 453; Matthews v. Cumberland and Allegheny Gas Company, 138 W.Va. 639, 77 S.E.2d 180; State ex rel. Cox v. Sims, 138 W.Va. 482, 77 S.E.2d 151; McKinney v. Miller, 138 W. Va. 324, 75 S.E.2d 854; Holiman v. Baltimore and Ohio Railroad Company, 137 W.Va. 874, 74 S.E.2d 767; Webb v. Sessler, 135 W.Va. 341, 63 S.E.2d 65; Divita v. Atlantic Trucking Company, 129 W.Va. 267, 40 S.E.2d 324; Cooper v. Pritchard Motor Company, 128 W.Va. 312, 36 S.E.2d 405; Fleming v. McMillan, 125 W.Va. 356, 26 S.E.2d 8; Webb v. Brown and Williamson Tobacco Company, 121 W.Va. 115, 2 S.E.2d 898; Jones v. Virginian Railway Company, 115 W.Va. 665, 177 S.E. 621; Fleming v. Hartrick, 100 W. Va. 714, 131 S.E. 558; Donald v. Long Branch Coal Company, 86 W.Va. 249, 103 S.E. 55; Ice v. County Court of Doddridge County, 77 W.Va. 152, 87 S.E. 75. It is true that by dismissing the defendant Goff from the case after the opening statement in behalf of the plaintiffs the circuit court refused to permit the plaintiffs to introduce any evidence to charge the defendant Goff with any actionable negligence, but the facts disclosed in the stipulation and the opening statement and the verdict of the jury, which was adverse to the plaintiffs, indicate clearly that any proof which the plaintiffs may have offered to convict the defendant Goff of actionable negligence would have been insufficient for that purpose. In consequence, the plaintiffs have failed to satisfy the requirement of proving negligence of the defendant Goff which was the proximate cause of the injuries of which the plaintiffs complain.
The plaintiffs complain of the action of the circuit court in entering judgment that they take nothing from the defendants and in entering judgment in favor of the defendant Jennings against the plaintiff Mary R. Alexander. As previously indicated, there is no record upon this appeal of the evidence and proceeding upon the trial of the action before the jury between the plaintiffs and the defendants Jennings and Dunn and Bradstreet, Inc. For this reason this Court can not consider or disturb the action of the circuit court in rendering the foregoing judgment. State ex rel. County Court of Cabell County v. Battle, 147 W.Va. 841, 131 S.E.2d 730; Rollins v. Daraban, 145 W.Va. 178, 113 S.E. 2d 369; Ward v. County Court of Raleigh County, 141 W.Va. 730, 93 S.E.2d 44; Teter v. Franklin Fire Insurance Company, 74 W. Va. 344, 82 S.E. 40; Robertson v. Harman, 47 W.Va. 500, 35 S.E. 832; McClure-Mabie Lumber Company v. Brooks, 46 W.Va. 732, 34 S.E. 921; Ilsley v. Wilson, 42 W.Va. 757, 26 S.E. 551; Shrewsbury v. Miller, 10 W.Va. 115. In the absence of a showing to the contrary, the foregoing judgment having been rendered by a court of competent jurisdiction, will be presumed to be correct and based upon sufficient evidence. "An Appellate Court will not reverse the judgment of an inferior court unless error affirmatively appear upon the face of the record, and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment." Point 2, syllabus, Shrewsbury v. Miller, 10 W.Va. 115; Rollins v. Daraban, 145 W.Va. 178, 113 S.E.2d 369; Teter v. Franklin Fire Insurance Company, 74 W.Va. 344, 82 S.E. 40; Scott v. Newell, 69 W.Va. 118, 70 S.E. 1092; National Cash Register Company v. Union Bargain House, 55 W.Va. 489, 47 S.E. 287; Robertson v. Harman, 47 W.Va. 500, 35 S.E. 832; Griffith v. Corrothers, 42 W. Va. 59, 24 S.E. 569; Richardson v. Donehoo, 16 W.Va. 685.
The judgment of the Circuit Court of Cabell County is affirmed.
Affirmed.