ROGER L. DOHERTY *vs.* BOSTON GARDEN-ARENA CORPORATION. January 28, 1959. Exceptions overruled. This is an action of tort by a fifteen year old student, who was a drummer in a high school band, against the defendant corporation, which was in control of the Boston Garden. The declaration alleges that, while attending a school basketball tournament, he was "assaulted and beaten" by reason of the defendant's negligence. His testimony showed that as he was climbing a stairway, one of a gang of older boys rendered him unconscious by blows of the fist on his head. There was no error in the direction of a verdict for the defendant. The evidence falls short of showing incidents on the night of the assault or on the earlier nights of the tournament sufficient to charge the defendant with failure to anticipate a dangerous condition and so to constitute a breach of the duty of care which it owed the plaintiff. *Rich* v. *Boston Elev. Ry.* 316 Mass. 615. *Waugh* v. *Great Atl. & Pac. Tea Co.* 317 Mass. 230. In *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56, *Fortier* v. *Hibernian Bldg. Assn. of Boston Highlands*, 315 Mass. 446, *Rawson* v. *Massachusetts Operating Co. Inc.* 328 Mass. 558, and *Quigley* v. *Wilson Line of Mass. Inc.*, ante, 125, the plaintiff's evidence was much stronger.

*James W. Kirk*, for the plaintiff.

*Thomas D. O'Brien, III*, for the defendant.


JULIA M. McCARTHY & another *vs.* STEPHEN M. STEPHENS & another. January 28, 1959. Exceptions sustained. There was evidence from which the jury could have found that the plaintiff Julia M. McCarthy (hereinafter, the plaintiff) was on January 8, 1957, caused to fall on the common cellar stairway in the house in which she and her husband were tenants, because of "the slippery condition of the steps due to . . . ice, the broken edge of the second step, and . . . [the] shaky condition of the banister [so that] she was unable to maintain her grasp on it." There was also evidence from which it could have been found that the defendants should have known of the defective condition of the steps, other than the ice, and that this condition resulted from deterioration after the defendants in December, 1944, purchased the premises, in which the plaintiff then occupied an apartment. The question of the plaintiff's contributory negligence was for the jury. It was error to direct a verdict for the defendants. It was also error to exclude three photographs of the place of the fall taken ten days after the accident. There was uncontroverted testimony that the photographs fairly represented the areas depicted as observed immediately after the injury.

*Timothy J. McInerney*, for the plaintiffs.

*George M. Criss*, for the defendants.