JAMES COHEN & another *vs.* SUBURBAN SIDNEY-HILL, INC.

Middlesex.    October 5, 1961. — November 17, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Proximate Cause. Negligence,* Swimming pool. *Evidence,* Matter of conjecture. *Practice, Civil,* Opening to jury, Ordering verdict.

In passing on the propriety of ordering a verdict for the defendant upon the plaintiff's opening to the jury at the trial of an action, the statements made in the opening must be taken to be true. [217]

The mere facts, that a boy, a business invitee of the proprietor of a swimming pool, while climbing a wet ladder to a diving board at a time when "other children were clambering up the ladder or . . . were at the top of the diving board" and there was no supervision by the proprietor's lifeguards, slipped and fell off the ladder and was injured, left it conjectural whether his fall was due to any negligence of the proprietor. [218–219]

TORT. Writ in the Superior Court dated March 5, 1959.

The action was tried before *Cahill,* J.

*Philip M. Cronin,* for the plaintiffs.

*Daniel A. Lynch,* (*Paul F. Degnan* with him,) for the defendant.

SPIEGEL, J. This is an action of tort to recover for personal injuries sustained by James Cohen, a minor, and for consequential damages sustained by his father, Harry A. Cohen. The declaration is in two counts, one brought by the minor, the other by his father. Upon the conclusion of the opening statement by the plaintiffs' counsel, the court allowed a motion by the defendant for a directed verdict on each count, to which the plaintiffs excepted.

When a motion for a directed verdict for the defendant is allowed upon the plaintiff's opening, the statements by the plaintiff's counsel in the opening are treated as being true. *Murphy* v. *Boston & Maine R.R.* 216 Mass. 178, 179. *Singarella* v. *Boston,* 342 Mass. 385. "The motion should be denied if the statements of counsel, treated as facts, together with all rational inferences of which those facts are

susceptible, can, upon any reasonable view of those facts and inferences, be deemed sufficient to support the plaintiff's cause of action. On the other hand, if the opening plainly fails to show a cause of action the motion for a directed verdict may be granted." *Douglas* v. *Whittaker,* 324 Mass. 398, 399.

The substance of the plaintiffs' case as disclosed in the opening follows: The defendant owned and controlled a country club in which the minor plaintiff's father was a paid member. As the son of a member, the minor plaintiff had the privilege of using the club including the swimming pool which was located on the premises of the club. On July 17, 1957, the minor plaintiff, who was eight years old at the time, went to the club with his mother and utilized the pool. There were at least three lifeguards on duty at the pool on that date whose duty it was to supervise and protect the persons using the pool. The minor plaintiff was going up a ladder which led to a high diving board approximately twenty feet above the concrete flooring which extended around the pool. The ladder and the diving board were wet. There were a number of children under the age of twelve ". . . trying to get up this ladder, trying to get on this diving board." There was no supervision by the lifeguards on duty; there were no lifeguards in the immediate area of the pool; and there were no lifeguards attempting to regulate the ". . . number of children going up this diving board, their location, . . . or where they were going to be." The minor plaintiff ". . . was near the top as other children were clambering up the ladder or other children were at the top of the diving board, and as a result he slipped, went over on his back and fell straight over on his back a distance of fifteen or twenty feet and landed on his back on the concrete flooring around the swimming pool."

The defendant admits that the minor plaintiff was a business invitee.

Other than the fact that the diving board and ladder were wet, which plaintiffs concede cannot be the basis of defendant's liability, the opening reveals that at the time of

the injury there was no supervision by the lifeguards; that some children were "at the top of the diving board"; that some children were "clambering up the ladder"; and that the minor plaintiff slipped and fell as he neared the top of the ladder.

There is nothing in the opening statement to show or to justify an inference as to what it was that caused the minor plaintiff to slip and fall from the ladder. It is as likely that he fell simply because he lost his foothold, or because he did not grip the ladder while ascending, or because the ladder was wet, as that he fell because of the lack of supervision by the defendant. No reasonable basis was stated from which one could conclude that the injuries were attributable to any breach of duty owed the minor plaintiff by the defendant. The plaintiffs were required to show that it was more likely that the injury was occasioned by the negligence of the defendant than by a cause for which the defendant was not liable. Some facts should have been stated that would not leave the cause of the accident within the realm of guesswork. *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 321. *Gilmore* v. *Kilbourn*, 317 Mass. 358, 363. *Glassman* v. *Hamel*, 341 Mass. 422, 425.

The case of *Altman* v. *Barron's Inc., ante*, 43, cited by the plaintiffs is distinguishable from the instant case. In the cited case the facts warranted an inference which showed a causal connection between the alleged negligence and the injury. The cause of the accident in the case at bar is conjectural. *Williams* v. *United Men's Shop, Inc., supra*, and cases cited. Verdicts for the defendant were rightly directed.

*Exceptions overruled.*