*Western District*

**THOMAS DEL NEGRO**

v.

**WORCESTER COUNTY NATIONAL BANK**

*Present*: Riley, P. J., Hobson & Moore, JJ.

Case tried to ———, *J.* in the Central District Court of Worcester. No. 62-T-20.

*Moore, J.* This is an action of contract or tort originally brought in the Superior Court but transferred to the Central District Court at

Worcester for trial under G. L. c. 231, §102 inserted by St. 1958, c. 369, §3.

This case is before the Appellate Division under the authority as laid down in the case of *Lubell v. First National Stores, Inc.*, 342 Mass. 161.

The declaration is in two counts for the same cause of action. Count 1 in tort for negligence and Count 2 for breach of contract to exercise care in handling the plaintiff's automobile while in the defendant's custody and control.

The trial court found for the defendant on Count 1 and for the plaintiff on Count 2 and assessed damages in the amount of $400.

The answer is a general denial and a plea of contributory negligence.

The evidence in its aspect most favorable to the plaintiff was, as follows:

The defendant had a security interest, governed by the Uniform Commercial Code, in a 1954 Cadillac Sedan owned by the plaintiff. The plaintiff was in default in the payments and pursuant to the terms of the Security Agreement, the defendant repossessed the vehicle on November 16, 1960. The vehicle was repossessed by two employees of the defendant who found the car parked on the street in front of the house of the plaintiff's daughter in Worcester. They entered the car and drove it to the premises of an automobile dealer in Worcester where it was placed in open air storage. It remained there until December 8 or 9, 1960 at which time the plaintiff having paid

his obligation in full to the defendant regained possession. At the time of repossession the car was in good running condition. It had always run well and the only thing the plaintiff had to do was to put gas and oil in it. The plaintiff went to the premises of the automobile dealer where the vehicle was stored, started it up and drove it about one mile, whereupon the car suddenly "kind of stalled and then went dead". The plaintiff tried to start the car but couldn't. He opened the hood and saw oil all over the engine and saw smoke and clouds of steam. The plaintiff arranged to have the car towed to a gas station and the plaintiff consulted a mechanic in reference to the vehicle. He never drove the car thereafter.

The defendant duly made 4 requests for rulings, as follows:

"1. On all the evidence a finding for the plaintiff is not warranted.

2. On all the evidence a finding for the defendant is required.

3. There is no evidence that the damage, if any, to the plaintiff's motor vehicle, was the result of any act or omission of the defendant.

4. There is no evidence of negligence on the part of the defendant".

The court denied all of the defendant's requests which properly raised the issue whether as a matter of law the evidence, being treated as proven facts, was sufficient to support the court's finding for the plaintiff. *Cohen v. Suburban Sidney-Hill, Inc.*, 343 Mass. 217.

The court found that the defendant had a

security interest in the automobile involved. G. L. 106 §9-107 states that a security interest is a "purchase money security interest to the extent that it is (a) taken or retained by the seller of the collateral to secure all or part of its price;" §9-501(2) of G. L. c. 106 states that "after default ————, and a secured party in possession has the rights and duties provided in §9-207. G. L. 106, §9-207 (1) provides that "a secured party must use reasonable care in the custody and preservation of collateral in his possession."

██ The defendant was not an insurer of the property and was only bound to exercise that degree of care which may reasonably be expected from ordinary prudent persons under similar circumstances. *Hanna v. Shaw*, 244 Mass. 57, 59; *Soutier v. Kaplaw*, 330 Mass. 448.

██ The burden of proof that there was a breach of duty owed the plaintiff by the defendant was on the plaintiff. *Roscigno v. Colonial Beacon Oil Co.*, 294 Mass. 234. The plaintiff was required to show that it was more likely that the injury was occasioned by the negligence of the defendant than by a cause for which the defendant was not liable. *Cohen v. Suburban Sidney Hill, Inc.*, 343 Mass. 217.

In the instant case the trial judge found that *"something happened* (emphasis supplied) to it during the period the defendant had possession causing damage".

The evidence does not show what happened

to the car; in fact it does not show what if anything was damaged or injured in respect to the car. The trial court found the plaintiff took the car to an expert in reference to its condition but there was no evidence offered to enlighten the court as to what the expert found.

Even, if it could be found that the defendant did not use reasonable care (which we do not accede to), there is no evidence as to any causal connection between any unreasonable care and the "something" which the court found happened, whatever that might have been.

The evidence and the findings of facts by the trial judge in this case leaves the cause of the damage within the realm of guesswork and too conjectural on which to impose liability on the defendant. *Cohen v. Suburban Sidney Hill, Inc.,* 343 Mass. 217; *Perry v. Richard Chevrolet, Inc.,* 344 Mass. 356.

There was prejudicial error in denying the defendant's requests for rulings. Since a correct disposition of those requests would have disposed of the case in favor of the defendant the finding and judgment for the plaintiff should be vacated and judgment should be ordered entered for the defendant. G. L. c. 231, §§110 and 124. *Fiske v. Boston El. Ry.,* 289 Mass. 598, 601.