ROBERT BURNS *vs.* SOUTH SHORE COUNTRY CLUB. January 29, 1964. Exceptions sustained. Judgment for the defendant. In this action of tort for injuries sustained as a result of being shoved or pushed from a diving board at a swimming pool maintained by the defendant there was a verdict for the plaintiff, who was an invitee. The defendant's motion for a directed verdict was denied subject to its exception. This was error. The evidence falls short of showing enough to charge the defendant with negligence in failing to anticipate and to guard against the occurrence. The case falls within numerous decisions of this court. See *Rich* v. *Boston Elev. Ry.* 316 Mass. 615; *Waugh* v. *Great Atl. & Pac. Tea Co.* 317 Mass. 230; *Boehm* v. *S. S. Kresge Co.* 336 Mass. 320; *Doherty* v. *Boston Garden-Arena Corp.* 338 Mass. 791. See also *Cohen* v. *Suburban Sidney-Hill, Inc.* 343 Mass. 217.

*John H. Fletcher Calver* (*John F. Finnerty* with him) for the defendant.

*Charles E. Cunningham & Francis E. Kelly,* for the plaintiff, submitted a brief.

GEORGE D. SULLIVAN & another *vs.* BOARD OF SELECTMEN OF CANTON & others. January 29, 1964. Order dismissing petition affirmed. The petitioners appeal from the refusal of the trial judge to issue a writ of mandamus. The judge filed a report of material facts. At a town meeting on March 18, 1963, the town of Canton voted to amend the zoning map of the town by changing an area of land from a "Single Residence B" district to a "General Residence C" district. The locus, as described in the warrant, fronted for 181.6 feet on a street in the town. However, by amendment at the meeting the distance along the street was extended to 401.6 feet, the depth of the area remaining constant at 200 feet. The area adjoined a "General Residence C" district comprising "many hundreds of acres." The change as enacted is not "spot zoning." The extension of the "General Residence C" district encompassed property similar in character to that of the district so extended. Nothing appears to show conflict with the provisions of the enabling statute, G. L. c. 40A, §§ 2, 3. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 594. And the adoption of the change with the amendment was proper. The extension of the locus to a length of 401.6 feet was not so fundamental a departure from the provisions of the article contained in the warrant as to be an amendment improper under G. L. c. 40A, § 6. Compare *Burlington* v. *Dunn,* 318 Mass. 216, 218–220, cert. den. sub nom. *Dunn* v. *Burlington,* 326 U. S. 739, with *Fish* v. *Canton,* 322 Mass. 219, 222–223.

*George D. Sullivan* for the petitioners.

*Eugene J. Galligan,* Town Counsel, for the respondents.