JOSEPH STELLATO vs. OWENS-ILLINOIS GLASS COMPANY. June 7, 1971.
The plaintiff was surveying the defendant's barn with the defendant's per-
mission with a view to making a bid for demolition work, and was injured
in a fall from a ladder apparently placed in the barn by the defendant's em-
ployees. The jury returned a verdict for the plaintiff, and the case is here
on the defendant's exception to the denial of its motion for a directed verdict.
We assume that the plaintiff was a business invitee and that the defendant
owed him a duty to exercise reasonable care to provide him with safe ap-
pliances. *Gauld* v. *John Hancock Mut. Life Ins. Co.* 329 Mass. 724, 726–727.
The ladder was used to ascend to the upper level of the barn, and was placed
on an inclined base. The plaintiff and his son went safely up the ladder, and
the son climbed safely down. Before descending, the plaintiff moved the
ladder over about four inches to straighten it out, and as he put his weight
on it the ladder twisted and he fell. There was no evidence that there was
any danger before the plaintiff moved the ladder, or that any negligence
before he moved it contributed to the accident. In the absence of evidence of
negligence, a verdict should have been directed for the defendant. See
*McDonnell* v. *New York, N. H. & H. R.R.* 192 Mass. 538, 542; *Sjostedt* v.
*Webster*, 306 Mass. 344, 345; *Bloom* v. *Warshaw*, 332 Mass. 14, 17; *Cohen* v.
*Suburban Sidney-Hill, Inc.* 343 Mass. 217, 219.

*Exceptions sustained.*
*Judgment for the defendant.*

*Philip J. McCarthy* for the defendant.
*Matthew R. McCann* for the plaintiff.