JOHN E. FISH, JUNIOR, & others *vs.* TOWN OF CANTON & another.

Norfolk.     November 4, 1947. — January 5, 1948.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning. Municipal Corporations, Town meeting: warrant. Evidence, Relevancy and materiality.*

A purported amendment, which was in form to an article in the warrant of a town meeting reading, "To see if the town will vote to repeal in its entirety the present zoning by-law of the town . . . or take any other action in relation thereto," but which was intended as an amendment to the town's zoning by-law by reduction of areas, changes of frontages in certain districts and a change of certain lands from one

district to another, and which was voted without a hearing or report of the planning board as to such changes but merely on reconsideration of a vote whereby, after a hearing by the planning board and in accordance with its recommendation that "the article be not adopted," the article had been "dismissed," was invalid, both because the warrant did not contain the subject matter of the action taken as required by G. L. (Ter. Ed.) c. 39, § 10, and because there had been no compliance with G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320, with respect to such attempted amendment of the by-law.

At a hearing in the Land Court on the issue, whether an attempted amendment of the zoning by-law of a town by vote adopted at an adjourned town meeting was invalid for want of compliance with G. L. (Ter. Ed.) c. 39, § 10, in that notice of that subject matter was not given as required by the statute, evidence of informal advertisement in a local newspaper and announcement by sound truck of possible reconsideration of the zoning question at the adjourned meeting was irrelevant and was excluded properly.

At the hearing of a proceeding in the Land Court testing the validity of an attempted amendment to the zoning by-law of a town, evidence of expenditures and acts of a respondent and others in reliance upon the attempted amendment was excluded rightly.

PETITION, filed in the Land Court on September 27, 1946.

The case was heard by *Cotton,* J.

*H. W. Cole,* (*B. A. Brickley, C. W. O'Brien & E. J. Galligan* with him,) for the defendant Deutschmann.

*S. R. Wrightington,* for the petitioners.

WILKINS, J. The petitioners, holders of freehold estates in possession in the respondent town of Canton, bring this petition in the Land Court under G. L. (Ter. Ed.) c. 240, § 14A, and c. 185, § 1 (j ½), as inserted by St. 1934, c. 263, seeking an adjudication as to the validity of a purported amendment to the town's zoning by-law by vote of a town meeting held on March 18, 1946. The judge in his decision ruled the purported amendment to be invalid. The respondent Deutschmann, who had been allowed to intervene, appealed, and filed a bill of exceptions as to rulings on evidence and on the merits. The petitioners filed a bill of exceptions relating to rulings on evidence. Since the rulings to which the respondent Deutschmann objects are included in his bill of exceptions, we deal with them as presented by his exceptions. *Pitman* v. *Medford,* 312 Mass. 618, 619.

The underlying facts are undisputed and appear in the

decision. In 1937 the town adopted an extensive zoning by-law and map establishing single residence, general residence, combination business-residence, business, and industrial districts. In 1939 area regulations were added by an amendment, which established districts designated as A, B, and C, with minimum lot areas and street frontages. On December 10, 1945, certain voters petitioned the planning board for a public hearing under G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320, "in connection with the following article which will be inserted in the warrant for the annual town meeting to be held in March, 1946: 'To see if the town will vote to repeal in its entirety the present zoning by-law of the town of Canton or take any other action in relation thereto.'" On January 10, 1946, after due notice, the planning board conducted a public hearing, and thereafter requested the town finance committee to include the board's recommendations in its report to the town. Accordingly, there appeared in the finance committee's report respecting article 28 of the warrant for the annual town meeting: "The planning board recommends that this article be not adopted, the principal reason being that the total abolition of the zoning by-law is entirely uncalled for and a step backward." Article 28 was identical with the proposed article contained in the petition to the planning board. At the annual town meeting held on March 11, 1946, the only vote under article 28 failed of passage, the article was "dismissed," and the meeting adjourned to March 18, 1946.

At the adjourned meeting article 28 was reconsidered, and it was unanimously voted "that Article 28 be amended as follows: that class A areas be reduced to not less than 15,000 feet, with a frontage of 100 feet; that class B areas be reduced to not less than 10,000 feet, with a frontage of 75 feet; that class C remain as it is, with 6,500 feet areas, and a 65-foot frontage; and land at junction of Dedham Road and Elm Street, more fully described in accompanying plan as veterans' housing project, to be modified from zone A to zone C." There was no further hearing by the planning board.

The judge in his decision stated, "I find that it is evident, from the record, that the substance of the entire vote recorded by the clerk was an attempt to amend the zoning by-law of the town and not an attempt or an intention·to amend article 28." In so far as this partook of the nature of a ruling, we assume in favor of the respondent Deutschmann, but without so deciding, that it was correct.

The judge in substance ruled the action of the town meeting to be invalid because the warrant did not contain the subject matter of that action, and because statutory preliminaries to amendment of a zoning by-law were not complied with. There are two material statutes. "The warrant for all town meetings shall state . . . the subjects to be acted upon thereat. . . . No action shall be valid unless the subject matter thereof is contained in the warrant." G. L. (Ter. Ed.) c. 39, § 10, as most recently amended by St. 1939, c. 182. Zoning "by-laws may be adopted and from time to time be changed by amendment, addition or repeal, but only in the manner hereinafter provided. No . . . by-law originally establishing the boundaries of the districts or the regulations and restrictions to be enforced therein, and no . . . by-law changing the same as aforesaid, shall be adopted until after the planning board . . . has held a public hearing thereon after due notice given and has submitted a final report with·recommendations to the . . . town meeting, or until twenty days shall have elapsed after such hearing without the submission of such report . . . . After such notice, hearings and report, or lapse of time without report, a . . . town meeting may adopt, reject, or amend and adopt any such proposed . . . by-law." G. L. (Ter. Ed.) c. 40; § 27, as appearing in St. 1941, c. 320.

In *Burlington* v. *Dunn*, 318 Mass. 216, the planning board gave a hearing upon the adoption of a zoning by-law, and approved a proposed by-law with an accompanying map which was inserted in the warrant for a town meeting. Before the meeting, however, the planning board, without further public hearing, decided to change the map by zoning for business purposes five additional small parcels of land

in scattered locations. At the town meeting the by-law and the map in its changed form were adopted. In holding that the planning board was not required to give any further public hearing, we said: "The amendments [to the map] were not of a fundamental character. They did not change the identity of the proposal before the board. They were designed merely to perfect that proposal" (pages 218–219). In sustaining the validity of the vote of the town meeting, we said with reference to G. L. (Ter. Ed.) c. 39, § 10, as last amended: "This means only that the subjects to be acted upon must be sufficiently stated in the warrant to apprise voters of the nature of the matters with which the meeting is authorized to deal. It does not require that the warrant contain an accurate forecast of the precise action which the meeting will take upon those subjects" (page 219).

In the case at bar, however, even if the action in form amending article 28 of the warrant be treated as an attempted amendment of the zoning by-law, the change thereby sought to be wrought was truly fundamental and could not be valid in the absence of a hearing and report on the new proposal by the planning board. The original article upon which the planning board held its hearing and which was inserted in the warrant for the town meeting sought to repeal the zoning by-law in its entirety. It was no mere perfecting amendment which was sought to be adopted reducing the area requirements in two kinds of districts and transferring certain land from one district to another. In brief, the identity of the original proposed article was utterly changed. The substance of the amendment involved too great a departure to be covered by the provisions of G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320, under which, in certain circumstances, a "town meeting may adopt, reject, or amend and adopt" a proposed by-law. See *Nelson* v. *Belmont,* 274 Mass. 35. Furthermore, article 28 in the warrant did not sufficiently apprise the voters of the subject matter of the vote finally taken. It did not "indicate with substantial certainty the nature of the business to be acted on. *Haven* v. *Lowell,*

5 Met. 35.    *Wood* v. *Jewell,* 130 Mass. 270.    *Matthews* v. *Westborough,* 131 Mass. 521." *Coffin* v. *Lawrence,* 143 Mass. I10, 112.    *Tuckerman* v. *Moynihan,* 282 Mass. 562, 565.    For these reasons, the amendment of the zoning by-law voted at the adjourned meeting was invalid.

The judge rightly excluded evidence of informal advertisement in a local newspaper and of announcement by sound truck of possible reconsideration of the zoning question at the adjourned town meeting.    Failure to comply with the pertinent statutes could not, of course, be cured in these ways.    For the same reason there was no error in excluding evidence of expenditures and acts of the respondent Deutschmann and others in reliance upon the amendment as voted, which, we hardly need to add, did not tend to show the existence of a nonconforming use covered by G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1.

It is unnecessary to consider the petitioners' exceptions.

The appeal of the respondent Deutschmann is dismissed, and his exceptions are overruled.    The petitioners' exceptions are dismissed.    *So ordered.*