DONALD M. JOHNSON vs. TOWN OF FRAMINGHAM & others.

Middlesex.    November 8, 1968. — December 2, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Municipal Corporations*, Town meeting.  *Zoning*, Amendment of by-law
   or ordinance, Enforcement.  *Equity Jurisdiction*, Zoning, Declaratory
   relief.  *Equity Pleading and Practice*, Bill, Demurrer, Declaratory pro-
   ceeding.

Where an article in a warrant for an annual town meeting inquired if the
   voters would vote to amend a specified subsection of the town's
   zoning by-law applying to single residence districts by adding to the
   uses permitted therein the uses of "private and public golf clubs,
   tennis courts; pass any vote or take any action relative thereto,"
   and it was voted to amend another subsection by adding to uses
   permitted in such districts by way of exception by the board of appeals
   "private and public golf clubs provided the same are located on a
   parcel or parcels of land of not less than 50 acres," the amendment
   adopted was not outside the scope of the article in the warrant and
   was not invalid under G. L. c. 39, § 10 [752–753]; nor was the amend-
   ment adopted invalid because the planning board, which had duly held
   a public hearing under G. L. c. 40A, § 6, upon the article in the warrant
   and had submitted a report to the town meeting with a recommenda-
   tion that the article be "indefinitely postponed," had not held a
   further public hearing after notice, and made a further report, upon
   the proposal ultimately adopted [753–754].
Where the bill in a suit in equity by a resident landowner and taxpayer
   of a town against it and certain of its officers for a declaratory decree
   under G. L. c. 231A as to the validity of an amendment of its zoning
   by-law alleged no dispute between the plaintiff and the officer charged
   with the duty of enforcing the by-law and no request by the plaintiff
   to him to take any action, an actual controversy between the plaintiff
   and the defendants was not set forth and their demurrers to the bill
   were properly sustained.  [754–755]

BILL IN EQUITY filed in the Superior Court on Septem-
ber 20, 1967.

The suit was heard by *Ponte*, J., on demurrers.

*Ruth I. Abrams* for the plaintiff.

*George T. Finnegan* for William F. Drake (*Joseph H.
Lewis*, for the Town of Framingham & others, with him).

WILKINS, C.J. The plaintiff, a resident landowner and taxpayer of the defendant town, brings this bill in equity for a declaratory decree under G. L. c. 231A against the town, its inspector of buildings and wires, and its town clerk to determine the validity of an amendment to the zoning by-law. Another resident, William F. Drake, who sponsored the amendment, was allowed to intervene as a party defendant. Demurrers of the defendants were sustained without leave to amend. A final decree was entered dismissing the bill, from which the plaintiff appealed.

We summarize the allegations of the bill, to which are annexed applicable portions of the zoning by-law, including Section III A 1, which reads in material part: "No building or structure shall be used or arranged or designed to be used . . . except for one or more of the following purposes."

The warrant for the annual town meeting in 1967 contained "Article 56. To see if the Town will vote to amend Section III. A (1), SINGLE RESIDENCE, of the Zoning By-Laws, by adding the following: k. Private and public golf clubs, tennis courts; pass any vote or take any action relative thereto." The planning board duly held a public hearing, and prior to the town meeting on March 15 made a report to the moderator that it had voted to recommend that the article be "indefinitely postponed" as too broad in scope and as providing none of the conditions necessary to protect property in a single residence zone.

At the adjourned annual town meeting on March 28 it was voted "That Section III. A (3) of the zoning by-law be amended by adding the following additional exception to the two exceptions already listed therein: c. Private and public golf clubs provided the same are located on a parcel or parcels of land of not less than 50 acres." As given in the bill, Section III A 3 reads: "Subject to the provisions of Exceptions in Section V.E of this By-Law a. Charitable and welfare institutions b. Licensed establishment for the care of sick, aged, crippled or convalescent persons." Nothing further is shown in the bill as to Section V.E, but we are informed in the brief of the defendants that board of

appeals action is required as to any such use by way of exception. The planning board held no hearing and made no final report with recommendations on the amendment adopted. The amendment was approved by the Attorney General and published by the town clerk as required by law.

There are prayers that the amendment be declared void and of no effect; and that the building inspector be ordered to enforce the by-law as it existed prior to the adoption of the amendment.

The grounds of demurrer are in substance that on the allegations the amendment was validly adopted; and that the bill does not set forth facts sufficient to constitute a "cause of action" under G. L. c. 231A.

1. The plaintiff's first contention is that the warrant did not give notice of the action of the meeting. The applicable statute provides that the warrant "shall state . . . the subjects to be acted upon" at the meeting, and that "No action shall be valid unless the subject matter thereof is contained" in the warrant. G. L. c. 39, § 10 (as amended through St. 1964, c. 1, § 1).

The plaintiff objects that the amendment (1) changed the section to be amended from Section III A 1 to Section III A 3; (2) removed tennis courts from consideration; and (3) added restrictions which the planning board had no opportunity to consider.

We do not agree. Article 56 authorized the voters to act upon the amendment of the zoning by-law to permit golf clubs and tennis courts in single residence zones. The subject was stated very broadly in these words, "pass any vote or take any action relative thereto." This was the subject on which the town meeting undertook to act in passing the amendment. It was not outside the scope of the article to omit tennis courts, to prescribe a minimum size for golf clubs, or, instead of an unconditionally permitted use, to provide for action of the board of appeals by way of exception as to any such use. No logic requires that there must be tennis courts in order that there might be golf clubs. The fifty acre minimum and the board of appeals'

action on exceptions both tend to restrict the number of clubs
which may be authorized. It is not a serious matter that
the proposed amendment was of a different subsection of
Section III A.

This aspect of the case is settled adversely to the plaintiff
in the leading case of *Burlington* v. *Dunn*, 318 Mass. 216, 219,
where Chief Justice Qua stated with reference to G. L. c. 39,
§ 10, *supra:* "This means only that the subjects to be acted
upon must be sufficiently stated in the warrant to apprise
voters of the nature of the matters with which the meeting is
authorized to deal. It does not require that the warrant
contain an accurate forecast of the precise action which the
town meeting will take on these subjects."

The plaintiff, in an effort to avoid this result, grasps at a
phrase from that case that "the amendments were not of a
fundamental character" (page 218). The changes were in the
zoning map which zoned for business five additional small
parcels of land in scattered locations. The changes in the
case at bar likewise were not of a fundamental character.

2. The plaintiff's remaining objection to the proceedings
at the town meeting is that the changes in the amendment as
enacted were so great that the planning board should have
been given an opportunity to consider the matter anew, in
other words that there should have been a new notice,
another public hearing, and a further report.

The applicable statute, G. L. c. 40A, § 6 (as amended
through St. 1962, c. 327), reads in pertinent part, "Zoning
. . . by-laws may . . . from time to time be changed by
amendment . . . but only in the manner hereinafter pro-
vided. No zoning . . . by-law changing the same as
aforesaid shall be adopted until after the planning board
. . . has held a public hearing thereon, first causing notice
of the time and place of such hearing and of the subject
matter . . . to be published . . . and has submitted a
final report with recommendations to the . . . town meet-
ing, or until twenty days shall have elapsed after such
hearing without the submission of such report . . . . After
such notice, hearings and report, or lapse of time without

report, a . . . town meeting may adopt, reject, or amend and adopt any such proposed . . . by-law.''

In *Burlington* v. *Dunn, supra,* 218, it was said: ''The defendants contend that the planning board should have held another hearing upon the proposed by-law as changed. We see no necessity for this. The planning board, after adequate notice, held a hearing on the proposed by-law and submitted its final report with recommendations to the town meeting. The board therefore complied with the statute. . . . There is nothing in the statute requiring another hearing whenever, after one hearing, the board decides to amend what had previously been proposed.''

The case of *Fish* v. *Canton,* 322 Mass. 219, is not an authority for the plaintiff. The article in the warrant, which was to repeal the zoning by-law in its entirety, was the subject of a hearing after due notice and an adverse report by the planning board. The town meeting voted against the article. In a later adjourned meeting the article was reconsidered and instead of repeal it was voted to amend the area requirements in two districts and to transfer certain land from one district to another. This was held to be a ''radically different amendment,'' and was quite another situation from that in the case at bar. Furthermore, that the recommendation of the planning board in the present case was adverse is of no consequence, as it was ''advisory only and in no sense binding on the voters.'' *Noonan* v. *Moulton,* 348 Mass. 633, 639. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 595. *Burlington* v. *Dunn, supra,* 218.

Acceptance of the plaintiff's several assertions would create serious impediments to the expression of the will of a deliberative body which have not been intended by the Legislature.

3. One further question is whether the bill sets forth that there is an actual controversy between the plaintiff and the defendants as required by G. L. c. 231A. In general, a demurrer cannot be sustained to a bill for declaratory relief where the court does not agree with the proposition for which the plaintiff contends. *County of Dukes County* v. *New*

*Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 333 Mass. 405, 406. But where there is failure to state a controversy appropriate for determination, a demurrer may be sustained. *Id.* The case at bar falls into the latter category. There is no allegation which shows the plaintiff to be in a dispute with the enforcing officer. It is not stated in the bill that he has requested the enforcing officer to act. See *Woods* v. *Newton,* 349 Mass. 373, 380; *Duane* v. *Quincy,* 350 Mass. 59, 61.

*Final decree affirmed.*