## In re Application of Walter Cottrell, Town of Newbury Planning Commission

[614 A.2d 381]

No. 91-498

Present: **Allen, C.J., Gibson, Dooley and Johnson, JJ.**

Opinion Filed May 22, 1992

*C. Daniel Hershenson* of *Hershenson, Carter, Scott, McGee & Grey*, Norwich, for Appellants.

*Peter F. Welch* of *Welch, Graham & Manby*, White River Junction, for Appellee Cottrell.

*Charles D. Hickey*, St. Johnsbury, for Appellee Town of Newbury.

**Dooley, J.** This is an appeal from a decision of the Orange Superior Court granting a conditional use permit and site plan approval to applicant, Walter Cottrell, to operate a veterinary clinic in the Newbury Town Center Commercial District. Appellants, Jack and Veira Anderson, are neighbors to the clinic's proposed location. They argue that the zoning amendment that allowed veterinary clinics in the district is invalid because of defects in the adoption process. We reverse.

The process that led to the zoning amendment began with a petition signed by over 5% of the voters of Newbury to amend the boundaries of the Town Center Commercial District to reduce its size. Pursuant to 24 V.S.A. § 4403, the Newbury Planning Commission held a public hearing on the proposal and submitted it to the selectmen, together with an analysis of the proposal as required by § 4403(c). The commission recommended against the proposed amendment and also submitted an alternative change of boundaries it felt would be better. Accompanying the transmission to the selectmen was a letter from the planning commission chair recommending that they add an authorization to the amendment allowing veterinary clinics in the district. The letter indicated that the chair had been contacted by three veterinarians who were interested in opening such a clinic. There is no indication that this issue was considered by the planning commission.

The minutes of the selectmen's meeting indicate that they treated the veterinary clinic addition as if it had come from the planning commission. They amended the proposal to make the changes urged by the planning commission, added the authorization for veterinary clinics and published notice for a public hearing on the zoning amendment package. They also notified the planning commission of their action. The planning commission discussed the veterinary clinic addition but took no formal action on it.

Following the public hearing, the selectmen published a warning to town voters of a special town meeting for April 9, 1991, to consider the zoning changes. The notice did not set forth the specific amendments but instead referred back to the earlier notice of the public hearing and stated that a copy of the amendments was available at the town clerk's office. The ballots used for voting at the meeting also failed to contain the specifics of the proposal. The amendments passed by 122 to 35, and the next day applicant, pursuant to the amendment, submitted the request for a permit for a veterinary clinic.

Appellants raise four arguments to support their position that the amendments are invalid: (1) the addition of the provision for veterinary clinics to the zoning amendments proposed by the planning commission was beyond the power of the selectmen; (2) the warning for the vote on the zoning amendments

was deficient; (3) the voting procedure was deficient because the town failed to hold a meeting; and (4) the ballot used for the vote was deficient. In addition, appellants attack applicant's planned landscaping and screening as inconsistent with the zoning ordinance. Because we agree that the selectmen could not adopt the veterinary clinic amendment without its consideration by the planning commission, we do not reach the other issues.

The first issue deals with the power of the selectmen to change a proposal that comes from the planning commission. Our statutes place the primary responsibility for proposing zoning ordinances, or amendments to ordinances, on the town planning commission. See 24 V.S.A. § 4325(2). Zoning amendments must either be prepared by the planning commission or "be submitted in writing along with any supporting documents to the planning commission," which then proceeds as if it had prepared the amendment. *Id.* § 4403(a), (b). The planning commission must hold at least one public hearing on a proposal. *Id.* § 4403(d). The final result of the planning commission process is the submission of a proposal to the legislative body of the municipality, in this case the board of selectmen. See *id.* § 4403(f).

If a proposal is supported by a petition signed by at least five percent of the municipality's voters, the planning commission must submit it to the legislative body without change except to correct a technical deficiency. *Id.* § 4403(b), (f). Otherwise, the planning commission has the discretion whether to submit a proposal. If it submits a proposal to the legislative body, it normally will prepare a written report. *Id.* § 4403(c). If the proposal would "alter the zoning designation of any land area," the report must address five specified issues. *Id.*

On receiving the proposal, the legislative body must hold one or more public hearings on it and make available to the public copies of the proposal and the planning commission report. *Id.* § 4404(a). It may "change the proposed bylaw, amendment, or repeal" if it does so at least fifteen days before the required public hearing and files a copy of the changed proposal with the planning commission. *Id.* § 4404(b). The planning commission may submit a report on the change prior to the public hearing. *Id.* If the legislative body "makes substantial changes in the concept, meaning or extent of the proposed bylaw, amendment

or repeal," it must warn a new public hearing. *Id.* In a rural town like that involved here, the action of the legislative body forms the proposal on which the town's citizens vote. *Id.* § 4404(d).

Appellants argue that the addition of the provision authorizing veterinary clinics created a new zoning amendment and was more than a change of the planning commission proposal. They maintain that the new amendment was required to originate in the planning commission pursuant to § 4403(a) and could not be initially instituted by the selectmen under § 4404(b). Applicant and the town, on the other hand, argue that the new provision on veterinary clinics was a change in the commission's proposal, authorized by § 4404(b). They point in particular to the language authorizing "substantial changes." They further argue that it was submitted to the planning commission when a copy was filed with the planning commission before the public hearing.

■■■ A number of canons of statutory construction are applicable to our task. Essentially, we must review the entire statutory scheme to determine the intent of the Legislature. See *Smith v. Town of St. Johnsbury*, 150 Vt. 351, 355, 554 A.2d 233, 237 (1988). In doing so, we must read the statutes in pari materia. See *In re McCormick Management*, 149 Vt. 585, 592, 547 A.2d 1319, 1324 (1988). We give effect to the plain meaning of the words chosen, and assume that the Legislature did not intend an unreasonable result. See *Smith*, 150 Vt. at 355, 554 A.2d at 237. Also applicable is a canon involving the procedures for enactment of zoning ordinances. To validate the ordinance, we require "strict compliance with established procedures." *In re McCormick Management*, 149 Vt. at 591, 547 A.2d at 1323.

■■ It is clear that if the selectmen had approved the veterinary clinic amendment to the zoning ordinance without attaching it to a proposal from the planning commission, and with no action on it from that body, it would be invalid because the procedures established in § 4403 would be violated. See 3 E. Ziegler, Rathkopf's The Law of Zoning and Planning § 30.03, at 30–6–30–8 (1991). Such an action would be inconsistent with the strict compliance with procedure we require. Thus, the question before us is whether the result is different if the provision is added to an unrelated zoning ordinance amendment. The ques-

tion reflects the tension between the requirement that proposals to amend a zoning ordinance be submitted to the planning commission for initiation by that body, if appropriate, and the authorization for the selectmen to amend the proposal of the planning commission before putting it before the voters.

The requirement that amendments to the zoning ordinance be initiated in the planning commission represents the legislative policy that zoning ordinances, and amendments to them, be entrusted to the body primarily responsible for planning in the town. See *Abel v. Board of Works of City of Elizabeth*, 63 N.J. Super. 500, 512, 164 A.2d 764, 770 (1960) (purpose is to "have a critical and expert review by the one municipal agency which has an ongoing concern with municipal planning"). We believe that requirement must prevail in this case. The authorization of veterinary clinics as conditional uses in the Town Center Commercial District was totally unrelated to the proposal to change the coverage of that and the surrounding zone. Thus, the addition of that authorization cannot be considered an amendment to the planning commission proposal. The report of the planning commission contained nothing relevant to the decision to add the veterinary clinic authorization. We would do violence to the clear legislative intent, and fail to read the statutory scheme as a whole, if we were to uphold the process used here.

The distinction between an amendment and a separate proposal is set forth in two cases decided by the Massachusetts Supreme Judicial Court, involving an almost identical statutory scheme. In *Fish v. Town of Canton*, 322 Mass. 219, 220, 77 N.E.2d 231, 231 (1948), voters of the town petitioned the planning board to repeal the town zoning ordinance. The planning board submitted it to the town legislative body with a negative recommendation, and it was submitted to the voters at the annual town meeting. *Id.* at 221, 77 N.E.2d at 232. The citizens instead voted to change the minimum lot areas and setbacks in certain zones and to rezone a specific parcel. *Id.* The court invalidated the amendments, holding that "the change thereby sought to be wrought was truly fundamental and could not be valid in the absence of a hearing and report on the new proposal by the planning board." *Id.* at 223, 77 N.E.2d at 233. It concluded that the "substance of the amendment involved too great

a departure" to be covered by the statute allowing the town meeting to amend the proposal put before it. *Id.*

In *Johnson v. Town of Framingham*, 354 Mass. 750, 751, 242 N.E.2d 420, 421 (1968), a proposed amendment to a town zoning scheme with respect to the treatment of a golf course and tennis courts was changed in the town vote, to delete tennis courts from the proposal and to restrict its applicability to parcels of fifty acres or greater. The court held that the changed amendment did not have to be resubmitted to the planning board, distinguishing *Fish* as involving a radically different amendment. *Johnson*, 354 Mass. at 754, 242 N.E.2d at 422.

We also find relevant the decision in *Wilgus v. City of Murfreesboro*, 532 S.W.2d 50 (Tenn. Ct. App. 1975), in which the Tennessee Court of Appeals invalidated a rezoning amendment for failure of the city council to resubmit it to the planning commission after it had amended the commission proposal. The court stated the standard for resubmission:

> If a proposed zoning ordinance is amended so substantially that a new proposal is, in effect, created we think it clear that both the state statute and municipal code provision require it to be submitted to the planning commission for its consideration before the municipal legislative body may finally act upon it. To hold otherwise would defeat the clear intent of the statutory requirement that the legislative body have available, before it acts, the recommendations of the commission. . . .
>
> . . . The test is whether the revision is so substantial as to create a strong probability that the commission's recommendation would have been affected by the revision. If the change is both inconsequential and produces no detrimental effects to those who would oppose it, then the revised proposal is not required to be resubmitted.

*Id.* at 53–54; see also *Midway Protective League v. City of Dallas*, 552 S.W.2d 170, 173 (Tex. Civ. App. 1977) (minor amendment can be made by city council without resubmission of matter to planning commission); *City of Amarillo v. Wagner*, 326 S.W.2d 863, 866 (Tex. Civ. App. 1959) (where planning commission recommended a rezoning of property to a particular zone, city commission could not place it in a different zone without resubmission to the planning commission).

Although the facts of this case are different from *Fish* or *Wilgus*, the addition here was similarly a radical departure from the proposal submitted by the planning commission and was a totally new proposal. If the veterinary clinic authorization can be added in this case, then any unrelated zoning amendment can be added to a zoning proposal from the planning commission. The process established by the Legislature is evaded if zoning amendments unrelated to those reviewed by the planning commission can be added by the legislative body. See *George v. Town of Edenton*, 294 N.C. 679, 685, 242 S.E.2d 877, 881 (1978) (use of amendment procedure to circumvent procedural requirements in enactment of zoning ordinance cannot be allowed).

Our conclusion is not changed by the language authorizing the legislative body to make "substantial changes in the concept, meaning or extent" of the planning commission proposal as long as it holds a new hearing after making the changes. 24 V.S.A. § 4404(b). That language directs when the legislative body must hold a new hearing and not when it must refer its change to the planning commission. See *Wilgus v. City of Murfreesboro*, 532 S.W.2d at 53. It was added to implement our decision in *Kalakowski v. Town of Clarendon*, 139 Vt. 519, 524–25, 431 A.2d 478, 481 (1981), to the same effect. The provision's purpose is to ensure that persons whose interests will be affected by a zoning amendment have notice and an opportunity to be heard. A change may be substantial, however, and not require submission to the planning commission. In this case, for example, the legislative body could have made a substantial change in the district boundaries proposed in the citizen's petition or by the planning commission such that different landowners were affected. A new hearing may be required in such a circumstance to give landowners affected by the new proposal an opportunity to be heard. There would be no reason, however, to resubmit the proposal to the planning commission because the commission had already reported its views on the proper boundaries of the zones.

Nor is our conclusion changed by the fact that the planning commission was notified of the selectmen's addition. As the facts here demonstrate, notification of a planning commission in a rural town does not mean that the commission will engage in

thoughtful review. The selectmen asked for no action by the planning commission, and the commission, which first saw the amendment six days before the public hearing and final vote of the selectmen, took no action. The minutes indicate only that there was some "discussion" on the veterinary clinic addition. There was no written report as contemplated by § 4403(c) or a planning commission public hearing as required by § 4403(d). The selectmen were not given the benefit of the expertise and critical review of the body charged with responsibility for municipal planning for the town.

We do not decide whether the procedural defect would be cured if the planning commission had engaged in the review contemplated in the statute and had provided the results of that review to the selectmen. Those steps were not taken in this case. See *Hasbrouck Heights Hosp. Ass'n v. Borough of Hasbrouck Heights*, 15 N.J. 447, 454–55, 105 A.2d 521, 525 (1954) (even though planning board reviewed the proposal, procedural defect not cured where results of review not reported to governing body).

▣ Because the zoning amendment authorizing veterinary clinics in the Town Center Commercial District is invalid, the court erred in granting applicant a conditional use permit.

*Reversed.*