STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Paynter 2-Lot Subdivision | } | Docket No. 160-7-08 Vtec |
| (Appeal of Paynter) | } |  |
|  | } |  |

Decision and Order on Pending Motions

Appellant-Applicant Bruce Paynter appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Pittsford, denying his appeal of the Zoning Administrator's denial of his application for zoning permit for a two-lot subdivision. Appellant represents himself; the Town is represented by David R. Cooper, Esq.

The parties have each moved for summary judgment; the Town has also moved for remand of the application to the ZBA, and for declaratory judgment as to which zoning ordinance is currently in effect. The following facts are undisputed unless otherwise noted.

Applicant owns a 0.56-acre lot at 2990 U.S. Route 7, on the east side of Route 7 in the Village zoning district of the Town of Pittsford. The property consists of two relatively rectangular areas that overlap at one corner. The westerly side of Applicant's property has approximately 115 feet of frontage on Route 7, so that the property appears as a front lot, joined at its southeast corner to the northwest corner of a back lot, which is located behind (to the east of) an unrelated property. The front lot already shows two rights-of-way, one leading to the lot to its north, and one leading easterly towards the back lot.

Applicant proposes to divide the property into two lots, but instead of using or creating a right-of-way over the front lot to the back lot, Applicant proposes to allocate as part of the back lot a 16-foot-wide strip running along the side lot line of the front lot.

1

The proposed front lot (Lot 1) has an area of 10,131 square feet, with approximately 99 feet of frontage on Route 7; the proposed back lot (Lot 2) has an area of 14,271 square feet, including the 16-foot-wide strip running for approximately 132 feet along the southerly side line of the proposed front lot, resulting in the back lot's having 16 feet of frontage on Route 7.

On February 27, 2008, Applicant submitted a "Zoning Permit Application – Subdivision Request" form, applying to subdivide the property into the two proposed lots. As of the adoption of the 2005 Zoning Regulations,[1] the Town of Pittsford did not have separate subdivision regulations and did not require approval of subdivisions as such by the Planning Commission. Rather, subdivisions were regulated by § 1117 of the Zoning Regulations. Under § 1001, subdivisions require site plan approval to be obtained from the Planning Commission; otherwise the only permit requirement is that the subdivision obtain a zoning permit from the Zoning Administrator. § 1302(A); Article XX, Definitions, "Development."

Although Applicant originally submitted his application at the town offices to the Zoning Administrator on February 27, 2008, the application was not complete until March 11, 2008, when a site plan was submitted.[2] As of at least March 19, 2008,[3] the Zoning Administrator had referred the application to the Planning Commission,

---

[1] All citations are to the Pittsford Zoning Regulations dated December 7, 2005, also referred to as "the 2005 Bylaws," unless otherwise noted.

[2] Applicant had originally filed the application with the Town Clerk, and Applicant's memorandum stated that it had at that time included a site plan; however, the site plan was no longer attached to the application by the time it reached the Zoning Administrator for processing.

[3] The referral must have occurred by March 19, 2008, as notice was posted on March 19 for the March 27, 2008 Planning Commission hearing, the agenda for which specifically included Applicant's application.

apparently to assess the effect of the two existing rights-of-way shown on the site plan,[4] that also cross the proposed front lot. Planning Commission hearings on the application were held on March 27 and April 10, 2008. At the April 10, 2008 meeting, the Planning Commission determined that the proposed subdivision did not meet the requirements of the zoning ordinance regarding frontage and/or lot size and referred the application back to the Zoning Administrator to make that determination on the application for the zoning permit for the subdivision. The Planning Commission's April 10, 2008 decision was not appealed, and became final.

The Zoning Administrator issued a letter denying the application on April 15, 2008.[5] On appeal, the ZBA affirmed the Zoning Administrator's denial of the application, based on the lack of the requisite frontage for Lot 2, or, in the alternative, the requisite size of Lot 2, and this appeal followed.


Motion to Remand

The Town has moved to remand the application to the ZBA, on the basis that the zoning bylaws under which Applicant's application was considered, the 2005 Bylaws, were not valid when adopted, due to the lack of a municipal plan. The Town argues that the ZBA must reconsider the application under the 1989 version of the zoning ordinance in the first instance.

---

[4] On the application form, the Zoning Administrator had checked the box marked "Other" rather than that marked "Site Plan Review," as her reason for referring the application to the Planning Commission. The ZBA's written decision in the present appeal reflects that the Zoning Administrator had referred the application to the Planning Commission because the site plan showed two rights-of-way over the property.

[5] Appellant does not dispute that the Zoning Administrator issued the denial letter on April 15, 2008; the letter is internally dated April 15, 2008. The Zoning Administrator subsequently signed the "Zoning Permit Application – Subdivision Request" form on April 21, 2008.

The Town's authority to adopt a zoning ordinance (zoning bylaws) to regulate land development is granted by state statute. See Town of Westford v. Kilburn, 131 Vt. 120, 123 (1973). Specifically, 24 V.S.A. § 4401 authorizes "[a]ny municipality that has adopted and has in effect a plan" to "implement the plan by adopting, amending or enforcing any or all of the regulatory and nonregulatory tools provided for in this chapter" (emphasis added). "Plan" is defined in 24 V.S.A. § 4303(18) as a "municipal plan adopted under section 4385 of this title."

Zoning bylaws, site plan bylaws, and subdivision bylaws are among the regulatory tools a municipality is specifically authorized to adopt, amend, or enforce. 24 V.S.A. §§ 4402(1)–(3). A municipality "that has adopted a plan" is granted broad authority to "regulate land development in any manner that the municipality establishes in its bylaws, provided those bylaws are in conformance with the plan." 24 V.S.A. § 4410; see also 24 V.S.A. §§ 4411(a) (authorizing municipalities to use zoning bylaws to "regulate land development in conformance with its adopted municipal plan"); 4414 (authorizing municipalities to adopt certain types of zoning regulations "in conformance with the plan").

The plain meaning of these statutory provisions, as well as their interpretation as a whole, is that zoning bylaws are a regulatory tool used to implement and enforce the municipal plan, and may only be adopted if a plan is in effect. 24 V.S.A. §§ 4401, 4402(1); see Kalakowski v. John A. Russell Corp., 137 Vt. 219, 225–26 (1979) (explaining relationship between zoning regulations and municipal plans); see also Wright v. Bradley, 2006 VT 100, ¶ 7, 180 Vt. 383 (citing In re Estate of Cote, 2004 VT 17, ¶ 10, 176 Vt. 293) (explaining that statutes should be interpreted as a whole in order to give effect to every part). These statutory provisions mandate that prior adoption of a municipal plan is a prerequisite to adoption of a zoning ordinance. See 24 V.S.A. §§ 4401, 4410.

The purpose of a municipal plan, and the procedures for adopting one, are found in 24 V.S.A. §§ 4381–4387. Section 4385 describes the process necessary for adopting a

4

municipal plan. Section 4387 deals with readoption of municipal plans, and subsection (a) provides that "[a]ll plans, including all prior amendments, shall expire every five years unless they are readopted according to the procedures in section 4385 of this title." When a plan expires, "all bylaws . . . then in effect shall remain in effect, but shall not be amended until a plan is in effect." § 4387(c) (emphasis added).

The Town of Pittsford adopted a municipal plan on September 6, 2000 (the 2000 Town Plan). Under 24 V.S.A. § 4387(a), this plan expired as of September 7, 2005, as it was not readopted under § 4385. No municipal plan was in effect until a new plan was adopted in 2007. The lack of a municipal plan left the Town without authority to amend any bylaws from the expiration of the 2000 Town Plan in September of 2005, until August 22, 2007, when a new municipal plan was adopted. 24 V.S.A. § 4387(c).

On December 7, 2005, the Town ostensibly adopted the 2005 Bylaws; however, because this adoption occurred during the period when no municipal plan was in effect, the Town's purported adoption of the 2005 Bylaws was prohibited by state statute, and therefore did not take effect. 24 V.S.A. § 4387(c). Rather, under the plain language of § 4387(c), the bylaws then in effect remained in effect until a new plan would have been adopted and be "in effect."

Applicant does not contest that the 2005 Bylaws were not properly enacted because of the lack of a municipal plan in effect at the time of their adoption. Applicant argues, however, that any challenges to the validity of the 2005 Bylaws are barred by 24 V.S.A. § 4483(b), which provides that "[n]o person shall challenge for purported procedural defects the validity of any plan or bylaw as adopted, amended, or repealed under this chapter after two years following the day on which it would have taken effect if no defect had occurred." It has been more than two years since the purported effective date of the 2005 Bylaws.

By its plain language, 24 V.S.A. § 4483(b) only applies to procedural defects. Procedural defects are defects in the process required to adopt a zoning ordinance, such

5

as failure to post notice for a public hearing on the proposed bylaws as required by 24 V.S.A. §§ 4442(a) and 4444, or defects in the report prepared by the planning commission as required by 24 V.S.A. § 4441(c). See 24 V.S.A. §§ 4441, 4442, and 4444, e.g., In re Cottrell, 158 Vt. 500, 508 (1992) (characterizing failures to engage in the processes required by § 4441's predecessor[6] as "procedural defects").

By contrast, the 2005 Bylaws were never effectively adopted, because the Town lacked authority to amend its zoning bylaws at the time they were purportedly adopted. The defect was a substantive lack of statutory authority, not a procedural defect, making § 4483(b) inapplicable.

A municipality's very authority to regulate land development through the adoption of zoning bylaws is conditioned upon the existence of an effective municipal plan. The plain language of 24 V.S.A. § 4401 makes it clear that only a municipality that "has adopted and has in effect a plan" is authorized to adopt any of the regulatory tools listed in § 4402 (emphasis added). As the purpose of the bylaws is to implement the plan, there must be a plan to implement before bylaws can be enacted. In any event, after a plan has expired, § 4387(c) explicitly precludes the amendment of any bylaws until a new plan has been adopted. Accordingly, based on the foregoing, the Town's Motion to Remand is GRANTED.

Because the 2005 Bylaws are not applicable, Question 1, asking for interpretation of the terms "lot frontage" and "street frontage" as used in those bylaws, has become moot. Accordingly, both parties' motions for summary judgment on Question 1 are DENIED as MOOT.

---

[6] 24 V.S.A. § 4403, repealed and recodified in substantially the same format at 24 V.S.A. § 4441. See 2003, No. 115 (Adj. Sess.).

Deemed Approval

Applicant argues that his application should be considered to have been approved by operation of 24 V.S.A. § 4448(d), which states that "[i]f the administrative officer fails to act with regard to a complete application for a permit within 30 days, whether by issuing a decision or <u>by making a referral[7] to the appropriate municipal panel</u>, a permit shall be deemed issued on the 31st day" (emphasis added).

Applicant's application form was submitted on February 27, 2008, but was not complete until the site plan was submitted on March 11, 2008. Under the plain language of 24 V.S.A. § 4448(d), the deemed approval period begins when the application is complete. See <u>State v. Stell</u>, 2007 VT 106, ¶ 12, 182 Vt. 368 (explaining that in interpreting statutes, courts look first to the plain language); <u>e.g.</u> <u>In re Trahan</u>, 2008 VT 90, ¶ 7 n. 6 (explaining that time period for deemed approval begins to run when application is complete).

The plain language of the statute also provides that the action of the administrative officer that concludes the calculated time period is either the issuance of the decision, or the officer's referral of the application to the ZBA, Planning Commission, or Development Review Board.[8] See <u>State v. Stell</u>, 2007 VT 106, ¶ 12; <u>e.g.</u> <u>In re Trahan</u>, 2008 VT 90, ¶ 16. In the present appeal, the complete application was before the Zoning Administrator for no more than eight days before she referred it to the Planning Commission.[9] Applicant argues that the Zoning Administrator should not

---

[7] The referral language in § 4448(d) clarifies the referral issue as discussed in <u>Wesco, Inc. v. City of Montpelier</u>, 169 Vt. 520, 526-27 (1999).

[8] The term "appropriate municipal panel" is used in the statute in the sense of whichever of the three bodies (zoning board of adjustment, planning commission, or development review board) performs the relevant functions in a particular municipality. 24 V.S.A. § 4303(3).

[9] A good faith error in referring an application to the wrong municipal panel would not result in deemed approval in the absence of protracted deliberations and indecision. <u>Cf.</u> <u>In re Trahan</u>, 2008 VT 90, ¶ 12. Since the exact date on which the Zoning Administrator

have referred the matter to the Planning Commission; however, even if the referral was in error, the deemed approval period is tolled simply by the act of referral. In any event, all subdivisions require site plan review by the Planning Commission under § 1001, and the Zoning Administrator is obligated by statute to "administer the bylaws literally." 24 V.S.A. § 4448(a).

On April 10, 2008, the Planning Commission determined that the application did not comply with the bylaws, and referred the application back to the Zoning Administrator. The Zoning Administrator issued her denial letter on April 15, 2008; only five days elapsed between the date on which the application was referred back to the Zoning Administrator and the date on which she issued her decision.

Each period during which the application was in the hands of the Zoning Administrator, before she referred it to the Planning Commission, in the first instance, or issued her decision, in the second instance, was well within the thirty-day time limit established by 24 V.S.A. § 4448(d). Even if the two periods were to be added together, the application was only before the Zoning Administrator for a total of 13 days, which does not exceed the thirty-day time limit.

In any event, granting deemed approval in this case would be inconsistent with the purpose of the remedy, which is to "'curtail indecision and protracted deliberations.'" In re Trahan, 2008 VT 90, ¶ 12 (quoting Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 526-27 (1999)). Because deemed approval can operate so as to grant permits that are wholly inconsistent with the zoning ordinance, courts must be careful to apply the remedy only when doing so would be consistent with this purpose. Id. (citing In re Fish, 150 Vt. 462, 464 (1988)). In the present appeal, there were no protracted deliberations or indecision; the Zoning Administrator promptly referred the

referred the application to the Planning Commission has not been provided to the Court, the Court has used the date on which notice for the Planning Commission hearing on the application was posted: March 19, 2008.

8

application to the Planning Commission, and then promptly denied the application after the Planning Commission referred it back to her. Accordingly, Applicant's Second Motion for Summary Judgment on the issue of deemed approval is DENIED.

Motion for Declaratory Judgment

The Town has also moved for declaratory judgment on the issue of which zoning ordinance should apply to future applications for permits, or to this application on remand. Because the 2005 Bylaws did not take effect, the Town requests the Court to determine whether the amendment of the bylaws in 2008 (after adoption of a Town Plan) did take effect, and, if so, whether it only had the effect of amending the 1989 ordinance, or had the effect of re-adopting as well as amending the 2005 Bylaws.

The Declaratory Judgment Act, 12 V.S.A. §§ 4711–4725, authorizes the enumerated courts "to declare rights, status and other legal relations whether or not further relief is or could be claimed." Although the Environmental Court's statutory authority does not provide for a declaratory judgment action brought as an independent action, see Price v. Leland, 149 Vt. 518, 519 (1988) (citing V.R.C.P. 57), the Environmental Court does have authority to entertain motions for summary judgment. V.R.C.P. 56 (made applicable by V.R.E.C.P. 5(a)(2)). As V.R.C.P. 56(a) contemplates motions for summary judgment by parties seeking "to obtain a declaratory judgment," a motion for declaratory judgment filed in a pending appeal may be treated as a motion for summary judgment "seeking a declaration of the rights of the parties" under V.R.C.P. 56. Price, 149 Vt. at 520.

However, "[d]eclaratory relief is available only when there is an actual or justiciable underlying controversy; otherwise, 'a declaratory judgment is merely an advisory opinion which we lack the constitutional authority to render.'" Hunters, Anglers & Trappers Ass'n of Vt., Inc. v. Winooski Valley Park Dist., 2006 VT 82, ¶ 18, 181 Vt. 12 (quoting Doria v. Univ. of Vt., 156 Vt. 114, 117 (1991)).

9

In the present appeal, there is no actual or justiciable controversy between the parties that could be resolved by the declaratory relief sought by the Town. The only issues before the Court in the present appeal relate to the Zoning Administrator's denial of Applicant's March 2008 application for a subdivision permit, which was submitted before the 2008 zoning amendments were noticed for public hearing in June 2008. As such, the 2008 zoning amendments are not applicable to the application at issue in the present appeal, whether or not those amendments revived the 2005 Bylaws. See 24 V.S.A. § 4449(d).

The Court has concluded the issues raised by the present appeal. It is up to the ZBA, in the first instance, to determine which ordinance is applicable to the application during its reconsideration, or whether to allow Applicant to submit an application under the 2008 zoning amendments. The Town's motion for declaratory relief seeks an entirely advisory opinion and is DENIED on that basis.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment on the issue of deemed approval is DENIED, the Town's Motion for a Declaratory Judgment is DENIED as requesting an impermissible advisory opinion, the Cross-Motions for Summary Judgment are otherwise DENIED as Moot, and the Town's Motion for Remand is GRANTED, concluding this appeal.

Done at Berlin, Vermont, this 1ˢᵗ day of May, 2009.

_____

Merideth Wright
Environmental Judge