NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

18-P-1124                                          Appeals Court

   FELICIA R. PENN & another[1]  vs.  TOWN OF BARNSTABLE & others.[2]

                         No. 18-P-1124.

        Suffolk.     April 11, 2019. - October 7, 2019.

            Present:  Hanlon, Desmond, & Shin, JJ.


Zoning, Amendment of by-law or ordinance.  Municipal
    Corporations, Town council.  Statute, Construction.  Moot
    Question.  Practice, Civil, Moot case.


    Civil action commenced in the Land Court Department on January 5, 2017.

    The case was heard by Michael D. Vhay, J., on motions for summary judgment, and motions to amend the judgment were considered by him.


    Charles S. McLaughlin, Jr., Assistant Town Counsel, for town of Barnstable.
    Edward W. Kirk for the plaintiffs.


    SHIN, J.  Pursuant to G. L. c. 40A, § 5, sixth par., once a

municipal legislative body rejects a proposed zoning ordinance

_____

    [1] Philip R. Doherty, trustee.

    [2] Hyannis Harbor Tours, Inc., and Marina Atsalis.

or bylaw, it generally may not reconsider the same proposal for two years. At issue is whether the town of Barnstable's (town) legislative body, its town council, violated the two-year bar when it adopted a zoning amendment calling for the creation of the Hyannis Parking Overlay District (HPOD), despite having rejected a similar proposal to create the HPOD a few months earlier. On the parties' cross motions for summary judgment, a judge of the Land Court concluded that the two proposals were substantially the same, triggering application of the two-year bar and annulling the town's adoption of the amendment. We agree and thus affirm.

Background. The relevant facts are undisputed. In 2013 the town supervised a study of commercial parking lots in and around Hyannis Harbor and determined that, while all of the lots had valid operating licenses, not all had zoning approval. The town also determined that in some instances there were inconsistencies between the number of parking spaces allowed by the licensing authority and the number of parking spaces approved by the zoning authority.

To resolve these discrepancies and create uniformity, a subcommittee of the town council proposed in December 2015 to amend the town's zoning ordinance to create the HPOD, which would overlay two existing districts, a residential district and the Harbor District. The town council placed the proposed

amendment on its legislative docket as Item No. 2016-54. The overarching purpose of the amendment was to authorize "as of right" operation of commercial parking lots on land within the HPOD that "ha[d] some legal pre-existing nonconforming status or [were] licensed as of May 1, 2014 as an open air parking lot involving the temporary storage of vehicles." The amendment then set out site-development standards governing operation of the lots within the HPOD; those standards addressed, among other things, the number of parking spaces allowed on the lots, dimensional requirements, and demarcation of emergency-access aisles and property boundaries.

The town council voted to refer Item No. 2016-54 to the town's planning board, which held a public hearing on the proposal in February 2016.[3] Afterward, the board members voted four to one not to recommend adoption of Item No. 2016-54, partly on the belief that the amendment should be deferred until a further parking study was completed. On March 24, 2016, the town council took its own vote on the proposal,[4] with seven

---

[3] See G. L. c. 40A, § 5, second par. ("No zoning ordinance or by-law or amendment thereto shall be adopted until after the planning board in a city or town, and the city council . . . has each held a public hearing thereon, together or separately, at which interested persons shall be given an opportunity to be heard").

[4] A planning board's recommendation whether to adopt a zoning amendment is "advisory in nature." Wallace v. Building Inspector of Woburn, 5 Mass. App. Ct. 786, 787 (1977).

members voting for adoption and four members voting against it. This resulted in Item No. 2016-54 failing to pass for lack of two-thirds support.[5]

Two weeks later the town council voted to "reconsider" Item No. 2016-54 and posted notice that it would do so at its May 5, 2016 meeting, which was later continued to June 16, 2016.  At the June 16 meeting, however, the council voted instead to "withdraw[]" Item No. 2016-54, stating its "understanding [that] future changes will be made to this agenda item."  The council then docketed a new item, which it called Item No. 2016-166, and voted to refer it to the planning board and to schedule a joint public hearing on July 21, 2016.

Item No. 2016-166 differed from Item No. 2016-54 in three ways.  First, in the definitions section, Item No. 2016-166 clarified that "[c]ommercial surface parking lots shall not include structures, fully or partially enclosed, that accommodate vehicle parking spaces."  Second, in the section governing computation of parking spaces, Item No. 2016-166 added in two places a proviso that "the number of Commercial Surface Parking spaces shall not exceed the number determined as of the effective date of this ordinance," even where other uses of a

_____

[5] See G. L. c. 40A, § 5, fifth par. ("No zoning ordinance or by-law or amendment thereto shall be adopted or changed except by a two-thirds vote of all the members of the town council").

parcel are "subsequently discontinued." Third, Item No. 2016-166 added a requirement that "[t]he lot owner shall submit to the Building Commissioner a plan of the Commercial Surface Parking lot drawn and stamped by a Registered Professional Land Surveyor" and specified that "[a]ny changes to the lot boundaries or internal configuration shall require that a new record parking plan be prepared and filed in the same manner."[6]

At the public hearing on July 21, 2016, the town council and the planning board jointly heard testimony, at the close of which the planning board voted three to two to recommend approval of Item No. 2016-166. The town council then voted (1) eleven to two that "Item [No.] 2016-166 is not a proposed zoning ordinance which has been previously acted upon unfavorably by the [t]own [c]ouncil and is not the same ordinance which was unfavorably acted upon by the [t]own [c]ouncil as Item [No.] 2016-54"; (2) ten to three that "Item [No.] 2016-166 contains specific, substantive, and material changes that distinguish it from the content of Item [No.] 2016-54"; and (3) eleven to two to adopt Item No. 2016-166.

In January 2017 the plaintiffs, who are owners of homes located adjacent to some of the parking lots included in the

---

[6] Item No. 2016-54 also required the preparation of a "record parking plan drawn and stamped by a Registered Professional Land Surveyor" but did not expressly require that the lot owner file the plan with the town.

HPOD, filed a complaint for declaratory relief in the Land Court challenging the town council's adoption of Item No. 2016-166. The plaintiffs sought annulment of the town council's vote on numerous grounds, including that the vote was invalid under G. L. c. 40A, § 5, sixth par., because it came within two years of the council's rejection of Item No. 2016-54. The judge allowed the plaintiffs' motion for summary judgment on that basis, denied the town's cross motion for summary judgment, and entered judgment annulling the town's adoption of the amendment.[7] The judge declined to address the plaintiffs' other arguments. Both the town and the plaintiffs filed motions under Mass. R. Civ. P. 59, 365 Mass. 827 (1974), to amend the judgment, which the judge denied. The town then appealed the judgment and the judge's order denying its rule 59 motion. The plaintiffs cross-appealed, claiming that they are entitled to declaratory relief on the arguments not addressed by the judge in his decision.[8]

---

[7] The judge also dismissed the plaintiffs' claims against defendants Hyannis Harbor Tours, Inc., and Marina Atsalis. On appeal, the plaintiffs make no argument as to the dismissal of the claims against these defendants.

[8] Those arguments are as follows: (1) Item No. 2016-166 was contrary to the town's land-use and planning objectives and not substantially related to the public health, public safety, public welfare, or public morals; (2) G. L. c. 40A, § 5, required that the planning board prepare a written report with recommendations, which it failed to do; (3) the planning board had the right to determine in the first instance whether Item No. 2016-166 was the same as Item No. 2016-54; and (4) the

Discussion. 1. Mootness. We address at the threshold whether there remains an actual controversy between the parties. The parties agree that the issue raised by the town's appeal -- whether the two-year statutory bar invalidated the vote on Item No. 2016-166 -- is moot because, now that two years have passed since the town council rejected Item No. 2016-54, there is no bar to either proposal being reintroduced and reconsidered. The parties urge us nonetheless to reach the issue because it is of public importance and capable of repetition, but could evade review. See Seney v. Morhy, 467 Mass. 58, 61 (2014). We need not decide whether that exception to the mootness doctrine applies, however, because we conclude that the issue is not moot. Were we to determine that the vote on Item No. 2016-166 was valid, it would result in reversal of the judge's annulment of the amendment, and there would be no need for reconsideration or revote by the planning board or the town council. Because our decision could therefore affect the concrete interests of the parties, the issue is not moot. See Matter of M.C., 481 Mass. 336, 343 (2019).

With regard to the plaintiffs' cross appeal, the parties again agree that the issues presented are moot but that we should still decide them. We decline to do so. Because we

---

planning board did not hold a hearing that complied with G. L. c. 40A, § 5.

conclude, as discussed further below, that the two-year bar precluded the town council from considering Item No. 2016-166, we need not address the various other claims pressed by the plaintiffs. See note 8, supra. It is uncertain whether those issues will arise in the future; even were the town to reintroduce Item No. 2016-166, there will be new public hearings, new testimony, and new votes taken by both the planning board and the town council. Furthermore, if the issues do reemerge, they would not evade review. The plaintiffs are not entitled to an adjudication of their claims in these circumstances. See Libertarian Ass'n of Mass. v. Secretary of the Commonwealth, 462 Mass. 538, 547 (2012) ("declaratory relief is reserved for real controversies and is not a vehicle for resolving abstract, hypothetical, or otherwise moot questions"); M.C., v. Commissioner of Correction, 399 Mass. 909, 911 (1987) (court "should not decide a moot issue if it has become a theoretical dispute, if it is not apt to evade review should it arise again, or if it is not likely to recur").

2. Applicability of two-year statutory bar. We turn to the question presented by the town's appeal. The statutory provision at issue states:

> "No proposed zoning ordinance or by-law which has been
> unfavorably acted upon by a city council or town meeting
> shall be considered by the city council or town meeting
> within two years after the date of such unfavorable action

> unless the adoption of such proposed ordinance or by-law is recommended in the final report of the planning board."[9]

G. L. c. 40A, § 5, sixth par.  The purpose of the two-year bar is to give some measure of finality to unfavorable action taken by a municipal legislative body so that "members of the public shall be able to ascertain the legislative status of a proposed change at all times, and to rely on unfavorable action . . . as a complete defeat of the proposal."  Kitty v. Springfield, 343 Mass. 321, 326 (1961) (discussing predecessor statute).

In Kitty the Supreme Judicial Court construed the two-year bar to apply to "any new action of the same character" as a previously defeated proposal.  Kitty, 343 Mass. at 324.  While no reported decision has addressed what it means for proposals to be "of the same character" for purposes of G. L. c. 40A, § 5, sixth par., we are guided by cases decided in two analogous contexts.

---

[9] The judge construed the "unless" clause of the statute as referring to a planning board's final report on the earlier, defeated proposal.  That is, as applied to this case, the judge concluded that, because the planning board voted against recommending adoption of Item No. 2016-54, the two-year bar applied even though the planning board later voted in favor of Item No. 2016-166.  In its reply brief, the town suggests that the judge erred and that the relevant final report is the favorable vote that the planning board recorded on Item No. 2016-166.  The plaintiffs, for their part, appear to agree with the town's reading of the "unless" clause, but argue that the town council "considered" Item No. 2016-166 before the planning board's vote on that item.  We do not reach these issues, neither of which has been adequately briefed.

First, several cases have considered whether new notice must be posted, and another hearing held, before a planning board or municipal legislative body can vote to recommend or adopt an amendment that is different from the one delineated in the original notice.  The notice requirement is contained in the second paragraph of G. L. c. 40A, § 5, and provides that notice must be given "of the time and place of [the] public hearing, of the subject matter, sufficient for identification, and of the place where texts and maps thereof may be inspected"; any defect in the notice will not invalidate a vote, however, "unless such defect is found to be misleading."  In analyzing predecessor statutes, courts have held that, when changes are made to a proposal during the legislative process, whether new notice and hearing are required depends on the degree of similarity between the amendment originally proposed and the one ultimately recommended or adopted.  Specifically, new notice and hearing are not required if the changes to the original proposal are "not of a fundamental character."  Burlington v. Dunn, 318 Mass. 216, 218 (1945).[10]  Though the town contends that the purposes

---

[10] Accord Johnson v. Framingham, 354 Mass. 750, 752-753 (1968); Sullivan v. Selectmen of Canton, 346 Mass. 784 (1964); Fish v. Canton, 322 Mass. 219, 223 (1948).  See also Doliner v. Town Clerk of Millis, 343 Mass. 10, 12-13 (1961) ("[c]hanges made by the planning board after the public hearing" did not render amendment invalid because they "did not change the substantial character" of original proposal).

underlying the notice requirement and the two-year bar differ, the purposes are at least related -- to let the public know which amendments are up for consideration and which ones have been rejected. The notice cases are therefore instructive given the settled canon of construction that the parts of a statute "shall be construed as consistent with each other so as to form a harmonious enactment effectual to accomplish its manifest purpose." Worcester v. College Hill Props., LLC, 465 Mass. 134, 139 (2013), quoting Selectmen of Topsfield v. State Racing Comm'n, 324 Mass. 309, 313 (1949).

Second, in Bogertman v. Attorney General, 474 Mass. 607, 620 (2016), the Supreme Judicial Court considered the meaning of the provision in art. 48 of the Amendments to the Massachusetts Constitution prohibiting the certification of initiative petitions that are "substantially the same as any measure which has been qualified for submission or submitted to the people at either of the two preceding biennial state elections." The court construed this provision to bar any measure that "affirms or negates essentially the same provisions [as a previous measure], with little or no substantive difference." Id. at 621. We find Bogertman likewise instructive, as the aim of the art. 48 bar is similar to that of G. L. c. 40A, § 5, sixth par. -- "to prevent the constant forcing of . . . questions which

have been rejected" (quotation and citation omitted).

Bogertman, supra at 620.

With these cases guiding us, we conclude that proposed ordinances or bylaws are the same for purposes of G. L. c. 40A, § 5, sixth par., if they share the same fundamental or essential character, with little substantive difference. And applying this standard to the facts, we have little trouble concluding that Item No. 2016-166 was the same as Item No. 2016-54. As discussed, the only differences between the two items were that Item No. 2016-166 clarified that the HPOD does not include fully or partially enclosed parking structures,[11] clarified that lot owners could not create more parking spaces by discontinuing other uses on their parcels, and required that lot owners file parking plans with the town. These were amendments that merely facilitated enforcement of Item No. 2016-54. They did not change the fundamental and essential character of the item -- to allow for as-of-right operation of commercial parking lots through creation of the HPOD.[12]

---

[11] We note that Item No. 2016-54 already provided that the amendment was intended to apply to "open air parking lots."

[12] See Johnson, 354 Mass. at 752 (proposed zoning bylaw authorizing golf clubs and tennis courts not fundamentally changed by provisions omitting tennis courts and prescribing minimum size for golf clubs); Sullivan, 346 Mass. at 784 (extending length of proposed zoning district was not "fundamental" change); Doliner, 343 Mass. at 13 (changing zoning for some small areas on map "did not change the substantial

Citing Ranney v. Board of Appeals of Nantucket, 11 Mass. App. Ct. 112 (1981), the town argues that we must defer to the town council's findings that the proposals were not the same and that "Item [No.] 2016-166 contains specific, substantive, and material changes that distinguish it from the content of Item [No.] 2016-54." But Ranney concerned a different statute, G. L. c. 40A, § 16, which imposes a two-year bar on a municipal authority's reconsideration of a rejected application for a variance or special permit. The critical difference between that statute and G. L. c. 40A, § 5, sixth par., is that the two-year bar of § 16 does not apply if the local "authority finds . . . specific and material changes in the conditions upon which the previous unfavorable action was based, and describes such changes in the record of its proceedings." G. L. c. 40A, § 16. It was this language that was the basis for the Ranney court's determination that deference to the local board was warranted. See Ranney, supra at 115-116. In contrast, G. L. c. 40A, § 5, sixth par., gives the municipal legislative body no role in deciding whether a proposed ordinance or bylaw is the same as one previously rejected. Ultimately, that is a question of law

---

character of the [proposed bylaw]"); Dunn, 318 Mass. at 218-219 (similar). Cf. Fish, 322 Mass. at 223 ("identity of the original propos[al]" to repeal zoning bylaw was "utterly changed" by adoption of amendments "reducing the area requirements in two kinds of districts and transferring certain land from one district to another").

for the courts to decide.  See <u>Onex Communications Corp</u>. v. <u>Commissioner of Revenue</u>, 457 Mass. 419, 424 (2010).

Because we conclude here that, as a matter of law, Item No. 2016-54 and Item No. 2016-166 were fundamentally and essentially the same, the town council's rejection of Item No. 2016-54 precluded it from considering Item No. 2016-166 for two years. The vote on Item No. 2016-166 therefore came too soon, and the judge was right to annul it.

<u>Judgment affirmed</u>.

<u>Order denying motions to amend judgment affirmed</u>.